GOFF *v.* PRIME, SHERIFF OF TIPTON COUNTY.

MANSLAUGHTER.—AIDING AND ABETTING.—One may be guilty, under the statute, of aiding and abetting the crime of manslaughter.

SAME.—INDICTMENT.—As under an indictment for murder in the first degree the defendant may be convicted of murder in the second degree, or of manslaughter, so under an indictment for aiding and abetting the crime of murder in the first degree, the defendant may be convicted of aiding and abetting the crime of manslaughter.

APPEAL from the *Tipton* Common Pleas.

GREGORY, C. J.—*Jane Goff* sued out a writ of *habeas corpus,* returnable before the judge of the court below in vacation. The sheriff's return shows that the appellant

is held in custody by him, under the final judgment of the *Tipton* Circuit Court, rendered on the verdict of a jury, on an indictment charging her with murder in the first degree, and also with aiding and abetting one *Joel R. Harvey* in the commission of murder in the first degree. *Harvey* is joined in the indictment. *Jane Goff* was tried separately. The verdict is as follows: "We, the jury, find the defendant guilty of aiding and abetting, as charged, in committing manslaughter, and that she be imprisoned in the state prison for the term of two years."

The only question before us is this: Ought the appellant to be discharged from custody on the ground that the judgment of the *Tipton* Circuit Court is void?

It is claimed that there cannot be an aider and abetter in manslaughter. Manslaughter is defined by the statute, thus: "If any person shall unlawfully kill any human being, without malice, express or implied, either voluntarily, upon a sudden heat, or involuntarily, but in the commission of some unlawful act, such person shall be deemed guilty of manslaughter." 2 G. & H., § 8, p. 438.

One aiding and abetting in the commission of a common assault and battery, resulting in the accidental killing of the person assailed, might be guilty of aiding and abetting in the perpetration of the crime of manslaughter.

In *Hagan* v. *The State of Ohio*, 10 Ohio St. R. 459, it was held that the elements which constitute the crime of manslaughter, as defined by the statutes of that State, do not preclude the possibility that there may be aiders and abetters in the commission of that offense. The statute under which that decision was made is as follows: "If any person shall unlawfully kill another, without malice, either upon a sudden quarrel or unintentionally, while the slayer is in the commission of some unlawful act, every such person shall be deemed guilty of manslaughter."

It is urged that the verdict is an acquittal, and that the Circuit Court so far transcended its power as to make

the judgment void. We do not think so. An indictment for murder in the first degree embraces in it a charge of murder in the second degree, and of manslaughter. The criminal code provides that " any person who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same. manner as if he were a principal." 2 G. & H., § 66, p. 405.

One aiding and abetting in the commission of man-slaughter may, in our opinion, be convicted under an indictment for aiding and abetting in the commission of murder in the first or second degree. See the case of *Hagan* v. *The State of Ohio, supra.*

The judgment is affirmed, with costs.

*W. F. Walker, D. Moss* and *J. Green,* for appellant.

*D. E. Williamson,* Attorney General, for the State.