*WILSON v. STATE OF OHIO.

1. CONSTRUCTION OF SECTION 6804, REVISED STATUTES.

By sec. 6804, Rev. Stat, criminals—principals, aiders, abettors and procurers—were placed on the same basis as prosecutions for misdemeanors generally under former statutes and at common law.

2. THE CONVICTION OF A PRINCIPAL DOES NOT PRECLUDE THE CONVICTION OF AN ACCESSORY OF A HIGHER DEGREE.

Our statutory definition of manslaughter admits of aiders, abettors and procurers of that crime, who have heretofore been called accessories, and the conviction of one heretofore denominated a principal, of any degree of crime, does not stop or preclude the conviction of an accessory of a higher degree, as often the accessory may be the worse man.

ERROR to the Court of Common Pleas of Brown county.

CLARK, J.

In the common pleas court Hanson Wilson, Erastus Meisner and Mary Meisner were indicted jointly, as principals, for murder in the first degree, for the killing of Alexander Phillips, August 1, 1885.

E. Meisner was tried first, and convicted of manslaughter.

Wilson was next tried and convicted of manslaughter, and the question in the case arose upon his trial. The evidence in chief for the state showed that E. Meisner did the killing, and that Wilson was not then present, but about two miles away, and that Wilson advised, counseled and procured the killing; that while E. Meisner was perpetrating the act, Wilson was preparing to make good Meisner's escape. The state having concluded in chief, counsel for defendant Wilson moved the court to direct the jury to return a verdict of not guilty; because, first, Wilson was indicted as a principal, and therefore the indictment did not advise him of the nature and cause of the accusation against him, to-wit, that he had procured the act to be done. And, second, that the variance in the proof was fatal, as he is charged as principal, and not as a mere procurer of the commission of the act.

Motion overruled, and exceptions taken by the defendant.

The defendant, among other matters of evidence, then offered the record of the conviction of E. Meisner, for manslaughter. To this the state objected. This objection was overruled and the state excepted. This record was permitted to go to the jury as evidence.

The evidence being concluded, counsel for defendant moved the court in substance to instruct the jury as follows:

First—That Wilson, being indicted as a principal, could not be convicted on evidence that he procured E. Meisner to do the act, he not being *present*, aiding and abetting Meisner.

---

*This case was affirmed by the Supreme Court by refusal to allow a motion to file a petition in error, March 1, 1887. No report.

Second—That if they found that E. Meisner, the principal who did the killing, had been tried and convicted of manslaughter only, then they, under the evidence, should acquit Wilson, as there can be no accessory to manslaughter.

Third—That in case the court should refuse the second foregoing instruction, then they requested the court to instruct the jury that E. Meisner, the principal, having been convicted of manslaughter, Wilson as an accomplice could not be convicted of a higher degree of criminal homicide than his principal, to-wit, manslaughter. The first and second instructions were refused, and exceptions taken by defendant. The third was given, and exceptions noted by counsel for the state.

The refusal to sustain the motion to direct the jury to return a verdict of not guilty, and the refusal to give the first and second instructions, were the errors assigned, and are for the determination of the circuit court.

*Held:* The indictment and conviction were proper under authority of sec. 6804, Rev. Stat.

That the legislature by that provision intended to place the prosecution and punishment of criminals—principals, aiders, abettors and procurers—on the same basis as prosecutions for *misdmeanors* generally under former statutes and as at common law. The court following Baker v. State, 12 O. S., 214; State v. Munson, 25 O. S., 381; Hanoff v. State, 37 O. S., 178; see also Baxter v. People, 3 Gill. (Ill.)

That the court was in error in admitting the record of the conviction of Meisner, and instructing the jury that they could not find Wilson guilty of an offense greater than manslaughter. That of this Wilson could not complain, as it was favorable to him. That our statutory definition of manslaughter admits of aiders, abettors and procurers of that crime, and that as our statute makes all principals who have heretofore been denominated accessories, the conviction of one heretofore denominated a principal of any degree of crime, does not stop or preclude the conviction of an accessory of a higher degree, as often the accessory may be the worse man. Hagan v. State, 10 O. S., 459; Goff v. Prime, 26 Ind., 196.

Judgment of court of common pleas affirmed.

D. V. Pearson, Prosecuting Attorney, and White & Young for State.
McGrously, McKnight & Moore, for Wilson.