[Crim. No. 152. First Appellate District.—November 9, 1908.]

## THE PEOPLE, Respondent, v. FRANK SIDELINGER, Appellant.

CRIMINAL LAW—MURDER—AIDING AND ABETTING—ERRONEOUS REFUSAL OF INSTRUCTION AS TO MANSLAUGHTER.—Upon the trial of a charge for murder, where there is no pretense that the defendant fired the fatal shot, and he is charged as principal on the theory that he aided and abetted the crime, and was a co-conspirator with the person who fired it, if the circumstances of the case were such that it was prejudicial error to refuse a requested instruction as to manslaughter, as to the one who fired the shot, it was equally prejudicial error to refuse such instruction as to the defendant, who as aider and abettor can be guilty of no higher offense than the principal who committed the homicide.

ID.—EVIDENCE—DECLARATIONS AS TO PAST MOTIVE FOR SHOOTING INADMISSIBLE.—The declarations of the party who fired the fatal shot as to the motive of the shooting made after the shooting was over and the crowd had dispersed, and which was but a narrative concerning a past and completed act, were not admissible against the defendant as part of the *res gestae,* nor as having been made in pursuance of the conspiracy.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial. E. W. Wilson, Judge.

The facts are stated in the opinion of the court. Further facts are stated in *People* v. *Hayes,* Crim. No. 153, *post,* p. 301.

J. F. Quinn, and Wm. Kehoe, for Appellant.

U. S. Webb, Attorney General, and J. Chas. Jones, for Respondent.

HALL, J.—Appeal from judgment of conviction of murder in the second degree and order denying motion for a new trial.

This is a companion case to the case of the *People* v. *Hayes,* this day decided, and several of the questions decided in the Hayes case arise in this case. Sidelinger is charged with killing the same person that Hayes was charged with killing, apparently not upon the theory that Sidelinger fired the fatal shot, but upon the theory that he was present aiding and abetting the killing of William Jenks, or that he was a co-conspirator of Hayes and others, and the killing was the act of one of the co-conspirators. At any rate, there is no evidence in the record that connects this defendant with actually firing the fatal shot. The evidence concerning the killing, and the incidents leading up thereto, are practically the same as in the Hayes case.

In this case, as in the Hayes case, defendant requested the court to give an instruction upon the question of manslaughter entirely correct as a statement of law, but which the court refused to give, apparently upon the theory that under no aspect of the evidence could the jury find the defendant guilty of manslaughter. For the reasons given in the opinion this day filed in the Hayes case the court erred in so doing. The issue of manslaughter should have been submitted to the jury. If, in fact, Hayes actually killed Jenks, and in so doing only committed the crime of manslaughter, his aiders and abettors were only guilty of manslaughter. (Wharton on Homicide, 57; *Goff* v. *Prime,* 26 Ind. 196; *Polly* v. *Commonwealth,* 15 Ky. Law Rep. 502, [24 S. W. 7] ; *State* v. *Dunn,* 116 Iowa, 219, [89 N. W. 987] ; *Wheeler* v. *Commonwealth,* 120 Ky. 697, [87 S. W. 1106].)

The prosecution, as a part of its case in chief, proved by Mrs. Peterson that after the shooting she went over to Hayes.

She was then allowed to testify, over the objection of defendant, that she "asked him if he shot the boys, and why he did shoot them, and he said 'they were scabs.'" What Hayes then said was in no sense something said or done in pursuance of the conspiracy, or a part of the *res gestae.* The shooting was over, and the crowd had dispersed. The statement of Hayes was but a narrative concerning a past and completed act. What he then said about the matter could only be used as impeaching testimony after he had been a witness, and the proper foundation had been laid for proving statements inconsistent with his testimony. The action of the court upon this matter was clearly erroneous. (*People* v. *Smith,* 151 Cal. 625, [91 Pac. 511] ; *People* v. *Irwin,* 77 Cal. 494, [20 Pac. 56] ; *People* v. *English,* 52 Cal. 212.)

For the same reason the court erred in allowing the witness Olson to testify to what John Jacobson said to the witness subsequent to the day of the shooting.

The action of the court in disallowing challenges to several jurors for actual bias, as well as in disallowing a challenge to the panel for bias of the officers that summoned the panel, has been urged upon our attention. But as the judgment and order must be reversed for the errors already noted, we do not deem it necessary to pass upon the action of the court in this regard. The same conditions as to the jurors may not occur upon the retrial. For the purposes of a new trial it is sufficient for us to say that in deciding challenges to jurors the court should have in mind the rule laid down in *People* v. *Helm,* 152 Cal. 532, [93 Pac. 99], decided since this case was tried, and where the law upon this subject is elaborately discussed.

For the errors herein noted, the judgment and order are reversed, and the action remanded to the trial court for a new trial.

Cooper, P. J., and Kerrigan, J., concurred.