WILLIAM BUTLER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

125  641
45a 191

*Filed at Springfield September 27, 1888.*

1. CRIMINAL LAW—*homicide—killing one person when intending to kill another.* A man may be held guilty of murder or manslaughter, who, in an attempt to kill one person, by mistake kills another, although he had no intent or design to kill such other person.

2. SAME—*homicide—as the result of a conspiracy to do an unlawful act.* Where a number of persons conspire to do an unlawful act, and in the prosecution of the common design a person is killed, all will be guilty of murder.

3. If the unlawful act is a mere trespass, however, the killing, in order to affect all, must be done in the prosecution of the common design; but if the unlawful act be a felony, it will be murder in all, although the death happened collaterally, or besides the principal design.

4. If divers persons resolve, generally, to resist all opposers in the commission of any breach of the peace, and to execute it in such a manner as naturally tends to raise tumults and affrays, as, by committing a violent disseizin with great numbers of people, or going to beat a man, or rob a park, or standing in opposition to the sheriff's posse, and in the doing of any of these acts they happen to kill a man, they will all be guilty of murder.

41—125 ILL.

5. No person can be held liable for a homicide unless the act was either actually or constructively committed by him; and in order to be his act, it must be committed by his own hand, or by some one acting in concert with him, or in furtherance of a common design or purpose. Where the criminal liability arises from the act of another, it must appear that the act was done in furtherance of the common design or in prosecution of the common purpose for which the parties were assembled or conspired together.

6. Several persons assaulted a village marshal upon his attempt to arrest one of them for disorderly conduct. In defending against the assault, the officer drew his revolver, and aimed to shoot one of his assailants, but by accident, and unintentionally, shot and killed a bystander who was without fault: *Held,* that the persons so assaulting the officer were not guilty of the homicide, and a conviction of them of manslaughter could not be sustained.

7. In the particular case, the character of the assault upon the officer who did the shooting, was not such as would justify a prudent man in resorting to the use of a pistol in his defense; but if the fact had been otherwise, the doctrine would still obtain, that the persons making the assault could not be held responsible for the consequences of the act of the officer in resisting the assault. A rioter can not be held guilty of murder or manslaughter by reason of the accidental killing of an innocent person by those engaged in suppressing the riot.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

This was an indictment against William Butler, Franklin Butler, William Simkins and George Stuckey, in which they were charged with the murder of John Butler, on the 4th day of June, 1887, in McDonough county. On a trial of the defendants, on the indictment, the jury found Simkins and Stuckey guilty of a riot, and the other defendants guilty of manslaughter, and fixed their term of imprisonment at six years in the penitentiary.

There is no substantial disagreement in regard to the facts which led to the death of John Butler. They are, so far as is necessary to state them, substantially as follows: On the night of June 4, 1887, there was a horse show in Prairie City, a village in McDonough county. Quite a crowd gathered around the tent where the show was held. Among the number

were the four defendants, the deceased, and Luther A. Conrey, marshal of the village. The defendants became somewhat noisy and boisterous. They shoved each other near the tent door, and attempted to blow out the light which was on the tent pole. The marshal requested them to keep quiet, but not being heeded, he stepped up to William Butler and attempted to arrest him, when William either struck or pushed the marshal, and Franklin Butler came up behind the marshal and struck him two blows on the head with his fist, which knocked him down,—or at least knocked him on his hands and knees. William Butler then laid hold of the marshal, and the bystanders came up to stop the fight, and while they were parting the men the marshal discharged his revolver, and John Butler, a brother of the defendants William and Franklin Butler, who was standing near by, was killed. The deceased was in no manner connected with the difficulty. He was a mere bystander, and, so far as appears, his conduct had been good during the evening.

Upon the evidence, the court, among others, gave the following instruction for the People:

"18. If the jury believe, from the evidence, beyond a reasonable doubt, that the defendants, or any one of them, willfully disturbed the peace and quiet of any neighborhood in the village of Prairie City, by loud or unusual noises, or by tumultuous or offensive carriage, and that they did so for the purpose or with the expectation that the witness Conrey would attempt to arrest them therefor, and that said Conrey was then and there an acting village constable or marshal in said Prairie City, and that such defendants or defendant then knew that fact, and that said Conrey thereupon undertook to arrest them, or any one of them who may have created such disturbance, if any of them did, and they resisted such arrest, and assaulted and beat said Conrey, and were actually, or as it would appear to a reasonable and prudent man under the same circumstances, about to inflict on him great bodily harm, and said

Conrey, in order to protect himself from receiving such harm, and in his necessary or apparently necessary self-defense, fired his pistol, and that the ball from said pistol, by accident, hit and killed the deceased, John Butler, then the defendants, or such of them, if any, as aided or assisted or encouraged such assault and beating, if any there was, would be guilty of the killing of said John Butler."

The court refused the following instruction asked by the defendants:

"20. The court instructs the jury, that if you believe, from the evidence in the case, that John Butler was killed by a shot fired from a revolver by one Luther Conrey, then you must find the defendants not guilty, unless you further believe, from the evidence, beyond a reasonable doubt, that the said defendants, or some one of them, acted with said Conrey, or in concert with him, to do an unlawful act, and that the death of said John Butler happened and was occasioned by the doing or attempting to do such unlawful act."

Messrs. NEECE & SON, and Mr. JAMES M. BLAZER, for the plaintiffs in error.

Mr. H. C. AGNEW, State's Attorney, and Messrs. TUNNICLIFF & TUNNICLIFF, for the People.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

It may be regarded as a well settled principle of law, that a man will be held guilty of murder or manslaughter, who, in the attempt to kill one person, by mistake kills a third person, although there is no intent or design to kill such third person. So, also, where a number of persons conspire together to do an unlawful act, and in the prosecution of the common design a person is killed, all will be guilty of murder. Wharton (vol. 2, sec. 998,) says: "If the unlawful act was a trespass, the murder, to affect all, must be done in the prosecution of the design. If the unlawful act be a felony, it will be murder in all, although

the death happened collaterally, or besides the principal design." Russell on Crimes (vol. 1, page 540,) says: "Where divers persons resolve, generally, to resist all opposers in the commission of any breach of the peace, and to execute it in such a manner as naturally tends to raise tumults and affrays, as, by committing a violent disseizin with great numbers of people, or going to beat a man, or rob a park, or standing in opposition to the sheriff's posse, they must, when they engage in such bold disturbances of the public peace, at their peril, abide the event of their actions, and, therefore, if in doing any of these acts they happen to kill a man, they are all guilty of murder." In 1 Hale's Pleas of the Crown, 441, the doctrine is stated thus: "If divers persons come in one company to do an unlawful thing, as, to kill, rob or beat a man, or commit a riot, or to do any other trespass, and one of them, in doing thereof, kill a man, this may be adjudged murder in them all that are present of that party abetting him and consenting to the act, or ready to aid him, although they did but look on."

No person can be held responsible for a homicide unless the act was either actually or constructively committed by him; and, in order to be his act, it must be committed by his hand, or by some one acting in concert with him, or in furtherance of a common design or purpose. Where the criminal liability arises from the act of another, it must appear that the act was done in furtherance of the common design, or in prosecution of the common purpose for which the parties were assembled or combined together, otherwise a person might be convicted of a crime to the commission of which he never assented, which could not be done upon any principle of justice. The two defendants William and Franklin Butler, in making an assault upon Conrey, were guilty of a breach of the peace, and if, while engaged in the encounter, either one had fired the shot which killed the deceased, both would have been guilty of the crime, although they had no design or intention to injure or kill the deceased. That, however, is not the question presented by

this record.   Here, under the instructions of the court, the two defendants are held responsible for the shooting done by Conrey, although there was no concert of action whatever between him and them.   There was no common design or purpose existing between the two defendants and Conrey.   They had not assembled or come together for the commission of any unlawful act.   They were enemies—belonged to opposite factions ; and we know of no principle upon which it can be held that the defendants are liable for an act of Conrey.   It is true, the defendants assaulted Conrey, and struck him with their fists ; but his life was not in peril, nor was he in danger of suffering great bodily harm.   There was, therefore, nothing in the character of the assault which could justify a prudent man in resorting to a revolver.   But suppose there was, we know of no well settled rule of law which would hold the defendants liable for the acts of Conrey.   They would be responsible for what they did themselves, and such consequences as might naturally flow from their acts and conduct ; but they never advised, encouraged or assented to the acts of Conrey, nor did they combine with him to do any unlawful act, nor did they, in any manner, assent to anything he did, and hence they could not be responsible for his conduct towards the deceased.

It would be a strange rule of law, indeed, to hold a man liable for a crime which he did not commit, which he did not advise, and which was committed without his knowledge or assent, express or implied ; and yet, if the conviction in this case is to be sustained, it can only be done by the sanction of such a doctrine.   *Commonwealth* v. *Campbell*, 7 Allen, 541, is a case in point.   It was there held, that a rioter can not be held guilty of murder or manslaughter by reason of the accidental killing of an innocent person by those who are engaged in suppressing the riot.   The rule announced in the case is approved by Bishop on Criminal Law, vol. 1, sec. 637.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*