JAKE GALLOWAY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A reasonable doubt in the minds of the jury as to the existence of an element of the higher degree of an offense calls for a verdict of the lower degree, provided there exists no reasonable doubt of the existence of every element necessary to constitute the latter offense.

2. The State must prove beyond a reasonable doubt the degree of the crime, as well as the other fact of the crime itself, and the accused is not put to the necessity of "satisfying" the jury that the lower grade only has been committed.

3. On a trial for assault with intent to commit murder, it is error to charge the jury that before they would be justified in reducing the crime to an aggravated assault, they should be satisfied from the evidence that the assault was made with homicidal intent.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Walton county.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

COCKRELL, J.—Jake Galloway was indicted for assault with intent to commit murder and convicted of an assault with intent to commit manslaughter.

We deem it necessary to notice but two assignments of error: the refusal to give the fourth instruction requested by the defendant, and the giving of the charge substituted therefor by the court. The charge given reads: "The defendant's attorneys have submitted a charge upon aggravated assault, which I have refused to give as asked, but I give you as the law of this case—that if you believe from the evidence that the defendant assaulted the said Luther Russ with a deadly weapon, not having a premeditated design to effect the death of the person assaulted, you may find the defendant guilty of an aggravated assault. But, before you would be justified in reducing the crime to an aggravated assault, you should be satisfied from the evidence that the assault was made without any homicidal intent." The prime vice in the charge is that it requires that the jury be *satisfied* from the evidence that the defendant had no intent to take the life of the person assaulted before they would be justified in finding him guilty of the lower rather than of the higher degree of crime. The true rule is that a reasonable doubt in the minds of the jury as to the existence of any element of the higher degree or offense calls for a verdict of the lower degree, where there exists no reasonable doubt of the existence of every element necessary to constitute the latter offense. The State must prove beyond a reasonable doubt the degree of the crime, as well as the other fact of the crime itself, in order to obtain a verdict for that degree, and the accused is not put to the necessity of "satisfying" the jury that the lower degree only has been committed. 21 Am. & Eng. Ency. Law (2nd ed.) 171; 23 Am. & Eng. Ency. Law (2nd ed.) 952, and cases cited. See, also, *Murphy v. State,* 31 Fla. 166, 12 South. Rep. 453, and *Hubbard v. State,* 37 Fla. 156,

20 South. Rep. 235. The charge requested recognized this distinction and, except for the omission, probably a clerical misprision of the word "find" in the last sentence after the word "but" in the second clause, might properly have been given if the defendant so desired.

For the error in giving the foregoing charge the judgment will be reversed and a new trial granted.

HOCKER, SHACKLEFORD and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.