ANNIE HENRY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 30, 1921.

Petition for Rehearing Denied June 22, 1921.

1. Where several persons combine together to commit an unlawful act upon another, resulting in the death of the person against whom they entertained the common design, an indictment for murder in the first degree charging one of them with the act which produced death and the others with being unlawfully present from a premeditated design to effect the death of the person assaulted, abetting, assisting, counseling, hiring and procuring the principal to commit the felony, sufficiently charges the latter as principals in the second degree.

2. In charging persons as principals in the second degree to murder in the first degree, or charging them with being accessories before the fact present and abetting the commission of the felony, the omission of the words "aid" or "aiding" does not render the indictment bad as to them when other words of the same meaning are used denoting confederacy, co-operation, concurrent effort and assistance.

3. To sustain a conviction of one charged with being principal in the second degree to murder in the first degree, it is necessary to prove that the defendant actually entertained

a premeditated design to kill the deceased, or knew that the person being aided, entertained such design.

4. Where a question is propounded to a witness which question does not indicate the answer which the witness will give, the proper practice is to proffer to establish the fact which is asserted to have been the purpose of the question.

5. A certified copy of the verdict and judgment in the case where a principal in the first degree charged with murder was tried is admissible upon the trial of accessories before the fact to such murder, to establish the conviction of the principal.

6. Where one is charged with being accessory before the fact to murder in the first degree, it is not error for the court to charge the jury that the principal had been convicted of murder in the first degree where the fact is not controverted and the element of premeditation has to be proven independently against the defendant charged with accessory before the fact.

7. One indicted as principal in the second degree may be convicted of a lower degree of the offense ascribed to the principal in the first degree.

8. Evidnce examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment affirmed.

*John F. Harrell*, for Plaintiff in Error;

*Rivers H. Buford*, Attorney General; and *J. B. Gaines*, Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted of the crime of manslaughter upon an indictment which charged one Ethel Everett with the murder of Rosa Turner and charged Annie Henry, the plaintiff in error, and Melvina Young as principals in the second degree. The language of the indictment in so far as it connected the two latter named women with the alleged murder is as follows: "And that Annie Henry and Melvina Young unlawfully and from a premeditated design to effect the death of said Rosa Turner were then and there unlawfully present and did then and there unlawfully and from a premeditated design to effect the death of the said Rosa Turner *and* abet, assist, counsel, hire and procure the said Ethel Everett the felony aforesaid in manner and form aforesaid to do and commit. And so the said Ethel Everett, Annie Henry and Melvina Young did in manner and form aforesaid unlawfully and from a premeditated design to effect the death of said Rosa Turner kill and murder the said Rosa Turner." There was no motion to quash the indictment nor demurrer interposed to it in behalf of Annie Henry, but after verdict a motion in her behalf was made in arrest of judgment. The overruling of this motion constitutes the basis of the third assignment of error. As this assignment of error questions the sufficiency of the indictment, it is considered first, because if the indictment is insufficient to that degree of imperfection which may be taken advantage of after verdict the judgment should be reversed.

The three grounds of the motion which are argued attack the sufficiency of the indictment and the certainty of the verdict. The verdict is asserted to be uncertain because of the illegibility of the signature of the foreman.

As the verdict was presented in writing in open court

and certified to this court for inspection it is before us. The argument of counsel upon this ground is that a verdict to be certain must be legibly signed by the foreman of the jury. If not legibly signed by the foreman it is uncertain and void. If this argument be conceded to be sound, it is manifest that it depends upon the fact of the legibility of the foreman's signature. Without deciding the point presented by the assignment that illegibility of a signature to a verdict reduced to writing is an irregularity producing such uncertainty that it cannot be explained by reference to the record and is therefore void, the correctness of which is not made clear by the argument submitted, we think that the signature of the foreman, if not perfectly plain, is by no means undecipherable. Nor do we decide that a signature of a juror as foreman is essential to the validity of a verdict in a case where the verdict is not a sealed one.

The other two grounds of the motion which are argued together, attack the indictment as being fatally defective as to Annie Henry in so far as it undertakes to charge her and Melvina Young as principals in the first degree. The word "aid," it is pointed out, is ommitted from the indictment charging that Annie Henry was unlawfully present and from a premeditated design to effect the death of Rosa Turner, then and there did unlawfully and from a premeditated design to effect the death of the said Rosa Turner, "abet, assist, counsel,," etc., the said Ethel Everett the felony to do and commit.

The indictment alleges that Annie Henry was unlawfully present, and did "abet, assist, counsel, hire and procure" the commission of the felony. This language, while charging the offense of accessory before the fact to murder, in effect charges the accused with being a prin-

cipal—assuming that the word "aid" is not essential when the other words of the statute denoting assistance are used. See Albritton v. State, 32 Fla. 358, 13 South. Rep. 955; Montague v. State, 17 Fla. 662; Wharton's Crim. Law, Sec. 211. Asuming that the omitted 'word "aid" is not a fatal defect in view that words of the same meaning were used and which denoted confederacy, co-operation, concurrent effort and assistance, the indictment charged all three of the defendants with murder in the first degree. See Wharton's Crim. Law, Sec. 221; Sec. 5008, Rev. Gen. Stats. 1920; Montague v. State, *supra;* 13 R. C. L. 729.

The principle is well established that when several persons combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in furtherance or prosecution of the common design, and if several persons combine to do an unlawful act and in prosecution of the common object a culpable homicide results, all are alike criminally responsible for the probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish. The immediate injury from which death ensues is considered as proceeding from all who are present and abetting the injury done, and the actual perpetrator is considered as the agent of his associates. His act is their act as well as his own, and all are equally criminal. See 13 R. C. L. 729; Ferguson v. State, 134 Ala. 63, 32 South. Rep. 760; Andrews v. People, 33 Colo. 193, 79 Pac. Rep. 1031; Spies v. People, 122 Ill. 1, 12 N. E. Rep. 865, 17 N. E. Rep. 898; Butler v. People, 125 Ill. 641, 18 N. E. Rep. 338; People v. Gukouski, 250 Ill. 231, 95 N. E. Rep. 153; State v. Darling, 216 Mo. 450, 115 S. W. Rep. 1002; Phillips v. State, 26 Tex. App. 228, 9

S. W. Rep. 557; Trim. v. Commonwealth, 18 Gratt. (Va.) 983. Also Note 68 L. R. A. 193.

In the case of Savage and James v. State, 18 Fla. 909, the court said that the principal in the second degree is one who is not only present when the crime is committed aiding and abetting the perpetrator, but also participating in the felonious design, or at least the offense must be within the compass of the original intention. See also McCoy v. State, 40 Fla. 494, 24 South. Rep. 485. The doctrine of these two cases diverges from the rule of the common law as stated above and requires the showing by the State in order to convict one of murder in the first degree, whether as principal in the first or second degree, that the defendant actually entertained a premeditated design to kill the deceased or knew that the person being aided entertained such design.

As to a principal in the second degree to murder the gravamen of the offense is the presence of the accused when the unlawful act is committed advising and instigating the commission of the unlawful act. So in the State of Arkansas it was held that an indictment of an accessory for murder which alleged in appropriate terms that the principals committed the murder and charged that the defendant "unlawfully, wilfully and feloniously did advise and encourage the principals to commit the murder in the manner and form aforesaid," was sufficient. See Jones v. State, 58 Ark. 390, 24 S. W. Rep. 1073.

The exact point was not presented in the case, but exception was taken to the language in which the accessory was charged.

In Parker's Case, 2 Dyer 186a, a form of indictment is given charging Parker, a clergyman, with the crime of

accessory in the malicious procuring of the murder of an infant which does not use the word "aid" or "aiding," but used only the words "counselled, commanded, procured and abetted." Parker was tried upon this indictment, found guilty and executed.

The language of the statute is as follows: "Whoever aids in the commission of a felony, or is accessory thereto before the fact, by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon. Sec. 5008, Rev. Gen. Stats. 1920. The words "aid," "abet" and "assist" are synonymous terms. Soule's Dictionary of English Synonyms; Webster's New International Dictionary. The defendant therefore, could not have been mislead or embarrassed in the preparation of her defense by the omission of the word aid, when the equivalent of that word was used to describe the nature and character of the offense charged against her. See Sec. 3962, Florida Com. Laws, 1914; Sec. 6064, Rev. Gen. Stats. 1920. The motion in arrest of judgment was therefore properly overruled. See Schley v. State, 48 Fla. 53, 37 South. Rep. 518; Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Clark v. State, 68 Fla. 433, 67 South. Rep. 135. If, however, there was any doubt as to the omission of the word tending to embarrass the accused in her defense, the point should have been presented by motion to quash. See Mills v. State, 58 Fla. 74, 51 South. Rep. 278.

The first and second assignments of error rest upon the order overruling the motion for a new trial. The sixth ground of the motion presents as error the court's ruling in sustaining an objection by the State to a question asked by defendant's counsel of a witness for the defense. The witness was the official court reporter. A paper con-

25—Vol. 81

taining a record of the testimony taken in the case of the State v. Ethel Everett, which was tried at the Spring Term, 1920, was exhibited to the witness, who was asked if Mary Lou Sidney, one of the witnesses who testified for the State in the instant case, also testified in the trial of the Everett case. The question was objected to by the State that it was "irrelevant and immaterial and seeks to impeach a witness upon an immaterial point." This objection was sustained. The question was not calculated to elicit any information in contradiction of what the witness Mary Lou Sidney had said unless it was in contradiction of her statement that she had testified at the other trial. The witness may have answered in the affirmative or negative. Both counsel assume that the witness' answer would have been in the negative, thus contradicting the State witness upon the fact of her testifying in the other case. But whether she did testify or not was immaterial, unless preliminarily to showing what she did in fact testify to that was contradictory of her statement in this trial. The question propounded to the witness was not in cross-examination, but was upon direct examination and probably for the purpose of contradicting the testimony of the State witness upon a point utterly immaterial. But if the matter related to some material point, and the question was proper and fully justified under the rules of evidence, it is impossible to say that error was committed, because there was no proffer to establish the fact which it is now asserted to have been the purpose of the question. This court cannot assume that the witness' answer would have been in the negative. See Boykin v. State, 40 Fla. 484, 24 South. Rep. 141; Berger v. E. Berger & Co., 76 Fla. 503, 80 South. Rep. 296; Adams v. State, 54 Fla. 1, 45 South. Rep. 494.

In the Adams case, *supra,* cited by counsel for the plaintiff in error, the defendant's attorney stated to the trial court what he expected to prove by the witness. As the fact so made known to the court was a material one, this court held that it was error to have excluded the question. The case is in line with the rule announced.

The State Attorney called the Clerk of the Court, who produced a certified copy of the verdict and judgment in the case of the State v. Ethel Everett, one of the defendants who was tried and convicted as principal in the first degree for the murder of Rosa Turner, upon which indictment the defendant in this case was being tried as accessory. The document was offered and admitted in evidence over defendant's objection. There was no error in this ruling. The defendant was charged as accessory before the fact; she was not indicted for a substantive felony, and the record was offered merely to show that the principal had been convicted. See Section 2722, Rev. Gen. Stats. 1920.

The defendant Annie Henry was convicted of manslaughter, the court's charge therefore that Ethel Everett had been convicted of murder in the first degree was not harmful, because, in the first place, the fact of conviction was not controverted, and, secondly, the element of premeditation had to be proved independently against Annie Henry.

The point, however, is made that as Annie Henry was charged with the offense of being accessory to Ethel Everett in the perpetration of the murder of Rosa Turner, and not with a substantive offense. That the verdict of manslaughter is an acquittal of the offense charged, and as the offense of manslaughter is not embraced in the crime with which Annie Henry was charged, being merely

accessory to murder and not the substantive offense, it should be set aside as invalid.

But this contention cannot be sustained because the rule is that one indicted as principal in the second degree may be convicted of a lower degree of the offense ascribed to the principal in the first degree. See Brown v. State, 28 Ga. 199; Groves v. State, 76 Ga. 808; Goff v. Prime, Sheriff, 26 Ind. 196; State v. Coleman, 5 Porter (Ala.) 32.

The evidence was sufficient to support the verdict. It is useless to discuss it in detail. It tended to show that the defendant Annie Henry conspired and combined with Ethel Everett to assault the deceased; that they went to meet her at the train upon which she was to arrive; they engaged her in a quarrel, and Ethel Everett cut her with a knife loaned by Annie, who advised Ethel to cut the deceased. The verdict was for an offense much milder in degree than the evidence warranted.

We have found no error in the record, so the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.