JOHN SMITH and J. W. CHANCEY v. STATE OF FLORIDA
3 So. (2nd) 516
En Banc
Opinion Filed March 18, 1941
On Rehearing July 25, 1941

*Whitaker Brothers,* for Appellants.

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, on original hearing; *J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, on rehearing, for Appellee.

TERRELL, J.—Plaintiffs in error were tried and convicted on an information charging John Smith as principal in the first degree and J. W. Chancey as principal in the second degree to committting murder in the first degree. The jury found them guilty of assault with intent to commit murder in the first degree and the Court sentenced them to a term of ten years in the state penitentiary. This appeal is from that judgment.

Appellants press sixteen assignments of error for our consideration but all may be grouped under these heads: (1) sufficiency of the information, (2) materiality of a hat as evidence worn by the victim at the time of the assault, (3) admissibility in evidence of statements made by defendants when they were arrested, (4) improper argument to the jury by the prosecuting attorney, (5) refusing charges requested by defendants, (6) whether or not under the information the jury can acquit the principal in the first degree and find the principal in the second degree guilty, or find the principal in the second degree guilty of a higher degree of the offence than the principal in the first degree, (7) sufficiency of the evidence to support the verdict.

It is first contended that the information is not

sufficient to charge the defendant Chancey as principal in the second degree with assault to commit murder in the first degree.

If this question had been seasonably raised it might have been fatal to the information but Section 142 of the Criminal Procedure Act provides that if the defendant does not move to quash the information or indictment before or at the time of pleading to it, he shall be taken to have waived all objections which are grounds for motion to quash. The information in this case was filed after the effective date of the latter act and the objection was not raised until after verdict and motion for new trial.

With reference to the assignment based on improper argument to the jury by the prosecuting attorney, it appears that no objection was raised to the argument at the time and that it was never seasonably called to the attention of the trial court. He was consequently not called on to rule on the propriety of the argument. It is further shown that this objection was not raised in the motion for new trial nor any where else until an amendment was attempted to the latter motion months after. This Court. has repeatedly condemned improper argument to a jury on the part of a prosecuting attorney but in this case, the record not showing that the question was brought to the attention of the trial court, it would be highly improper to reverse him on the showing made.

A majority of the Court have reached the conclusion that the following charge was prejudicial as to the defendant Chancey and that the cause should be reversed as to him:

"In the event you should find both defendants guilty

of any of the offenses embraced in the information, it would not be permissible under the information or under the law to find one of them guilty of one of the offenses embraced in the information and to find the other one guilty of some other one of the offenses embraced in the information, because if the principal in the first degree is guilty, and the principal in the second degree is guilty, if they are both guilty, they must be guilty of the same offense."

Mr. Justice BUFORD and Mr. Justice ADAMS are of the opinion that the information was fatally defective and that the cause should be reversed as to both defendants on the information and the charge.

It follows that the judgment is affirmed as to defendant Smith and reversed as to defendant Chancey.

WHITFIELD, CHAPMAN, and THOMAS, J. J., concur.

BROWN, C. J., concurs.

BUFORD and ADAMS, J. J., dissent.

BUFORD, J. dissenting.—I am unable to concur in the enunciations contained in the opinion prepared by Mr. Justice TERRELL upon which the conviction of the appellant Smith is affirmed.

The information charges: "that John Smith late of the County of Hillsborough aforesaid, in the State aforesaid, on the 25th day of August in the year of Our Lord one thousand nine hundred and thirty-nine, with force and arms at and in the County of Hillsborough aforesaid, unlawfully and feloniously and from a premeditated design to effect the death of one Willie Noriega, did make an assault on and upon the said Willie Noriega with a deadly weapon, to-wit a pistol, and in furtherance of said assault the said John Smith did shoot off and discharge said pistol at and

toward him, the said Willie Noriega, thus and thereby inflicting divers, severe and serious wounds in, on and upon the body and limbs of him, the said Willie Noriega, and J. W. Chancey whose Christian name is to the Solicitor unknown, late of the County of Hillsborough aforesaid, in the State aforesaid, at the time of committing of the felony aforesaid to-wit, on the 25th day of August, in the year of Our Lord, one thousand nine hundred thirty-nine, with force and arms at and in the County of Hillsborough aforesaid, was then and there unlawfully and feloniously present, and did unlawfully and feloniously aid and abet, counsel, hire and otherwise procure the said John Smith to do and commit the said felony, in the manner and form aforesaid, against the form of the Statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida;"

The information is insufficient to charge Chancey with the offense of assault to commit murder in the first degree because it does not charge that Chancey entertained a premeditated design to effect the death of the person assaulted or of any other person.

Where it is attempted to charge one with the offense of murder in the first degree or with assault with intent to commit murder in the first degree, it is essential to allege and prove that the person charged at time the alleged assailant made such assault did so from and with a premeditated design to effect the death of the person assaulted and this is true whether the charge be made against one as principal in the first degree or principal in the second degree. See Henry v. State, 81 Fla. 763, 89 So. 136, and cases cited.

As the information did not charge Chancey with having participated in the assault from and with a premeditated design to effect the death of the person assaulted, or (to so effect the death) of any one else, a verdict of conviction of Chancey of the offense of assault to commit murder in the first degree can not be supported by this information.

The information is entirely sufficient to charge Chancey with the offense of assault to commit murder in the second degree and, therefore, was not vulnerable by motion to quash.

Aside from this, the Court charged the jury as follows:

"In the event you should find both defendants guilty of any of the offenses embraced in the information, it would not be permissible under the information or under the law to find one of them guilty of one of the offenses embraced in the information and to find the other one guilty of some other one of the offenses embraced in the information, because if the principal in the first degree is guilty, and the principal in the second degree is guilty, if they are both guilty, they must be guilty of the same offense."

This charge was clearly erroneous because the law is well settled that in a case where one person is charged with the commission of a homicide as principal in the first degree and another is charged with the commission of the same homicide as principal in the second degree either or both may be convicted of any offense coming within the charge of the information or indictment against such accused. The principal in the second degree may be tried before the principal in the first degree and the person charged as principal in the second degree may be tried and

convicted even if the principal in the first degree has been acquitted of the charge. See Croft v. State, 117 Fla. 832, 158 Sou. 454; Galloway v. State, 47 Fla. 32, 36 Sou. 168; Henry v. State, 81 Fla. 763, 89 Sou. 136; McCall v. State, 120 Fla. 707, 163 Sou. 38; Green v. State, 40 Fla. 191, 23 Sou. 851.

This charge was prejudicial to the defendants and constituted reversible error.

The judgment should be reversed.

ADAMS, J., concurs.

### ON REHEARING

PER CURIAM.—A rehearing was granted and briefs were permitted to be filed in this cause on the question of whether or not the conduct of the prosecuting attorney at the trial constituted harmful error.

Section 242 of the Criminal Code, Chapter 19554, Acts of 1939, requires that a defendant be given a new trial if any substantial right of his is prejudiced by misconduct on the part of the prosecuting attorney.

In his trial and argument of the case to the jury, the conduct of the prosecuting attorney was such that Mr. Justices WHITFIELD, TERRELL, BUFORD, and ADAMS are of the opinion that a new trial should be awarded, while Mr. Chief Justice BROWN and Mr. Justices CHAPMAN and THOMAS are of the contrary view.

It follows that the opinion of this Court filed March 18, 1941, is rescinded and a new trial is hereby awarded as to Smith.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.