130 So.2d 605 (1961)
Frank T. TRACEY, Appellant,
v.
STATE of Florida, Appellee.
No. 30924.
Supreme Court of Florida.
May 31, 1961.
*606 Damon G. Yerkes, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
This is the second appearance of the appellant before this Court in a criminal case involving obscene literature. See State v. Tracey, Fla. 1958, 102 So.2d 386.
In the case presently before us the appellant, hereinafter referred to as defendant, appeals from a judgment and sentence of guilty imposed after trial, without a jury, on two informations charging violations of Sec. 847.01, F.S. 1959, F.S.A.
The first information, in three counts, charged that defendant "did unlawfully possess obscene, lewd, lascivious, filthy and indecent" books, motion picture films and photographs, which were devoted principally to the presentation and exploitation of illicit sex, passion, depravity or immorality which offense is described in Sec. 847.01 (1) (b), F.S. 1959, F.S.A.
The second information, in one count, charged the defendant with having sold such an obscene book, as prohibited by the first paragraph of Sec. 847.01(1), F.S. 1959, F.S.A.
In the proceedings in the trial court the defendant attacked the constitutionality of the statutes involved and the trial court ruled the statutes to be valid, which gives this Court jurisdiction of this appeal.
In his brief the defendant raises two principal questions.
First, he contends that the statutes involved are unconstitutional.
Second, he argues in effect that he was not guilty of possessing or selling the obscene matter as charged in that he possessed and sold same in an effort to cooperate with the F.B.I.
At oral argument before us the defendant's counsel argued that the defendant had been entrapped, and also argued that the informations under which defendant was charged and convicted were fatally defective in that no allegation of scienter was made therein.
The foremost question centers on the constitutionality of the statutes involved.
*607 Defendant contends that Sec. 847.01, insofar as it is involved here, impairs freedom of speech and is in violation of both the state and federal constitutions, and further that the statute fails to provide sufficient standards of guilt.
In the case of Cohen v. State, Fla. 1961, 125 So.2d 560, the 1957 version of Sec. 847.01(1), which was involved therein, was attacked as being unconstitutional on the same grounds as asserted by defendant in this case.
The act was amended in 1959 but insofar as pertinent here no change was made in the 1957 act by the 1959 amendment. So it is that the 1959 version of Sec. 847.01(1) which is involved herein has, insofar as is pertinent to this case, already been determined to be constitutional by this Court in the Cohen case. This is determinative of the defendant's contention that the first paragraph of Sec. 847.01(1) is unconstitutional.
However, in this case the defendant was also charged with unlawfully possessing such obscene matter under Sec. 847.01(1) (b), F.S. 1959, F.S.A., which subsection did not exist in 1957, was not involved in the Cohen case, and therefore was not directly ruled upon therein.
Sec. 847.01(1) (b), which was added in 1959, makes it unlawful to possess any of the matter subject to the descriptive words contained therein, while the first paragraph of Sec. 847.01(1) condemns the sale, distribution, publication, etc., of such matter.
Sec. 847.01(1) (b) in condemning the possession of obscene matter utilizes the same descriptive words as does the statute condemning the sale, distribution, etc., of such matter which we held constitutional in the Cohen case. To the extent that this subsection of the statute is attacked because of its failure to lay down sufficiently ascertainable standards of guilt our opinion in the Cohen case determines this contention against the defendant.
The only possible remaining question on the validity of Sec. 847.01(1) (b) is whether possession of obscene matter is constitutionally protected under the freedom of speech provisions of our constitutions. The United States Supreme Court has emphatically stated that it is not. Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498; Smith v. People of State of California, 1959, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205. With this we fully agree.
In support of his contention that the subject provisions of Ch. 847, F.S. 1959, F.S.A., are unconstitutional the defendant relies on the cases of Butler v. State of Michigan, 1957, 352 U.S. 380, 77 S.Ct. 524, 1 L.Ed.2d 412; Winters v. People of State of New York, 1948, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840; and Herndon v. Lowry, 1937, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066. None of these cases are helpful to defendant.
Butler v. State of Michigan, supra, which was most helpful to appellant in that case involving him reported at 102 So.2d 386, involved a statute which proscribed literature, or other matter, as measured solely by its propensity toward corruption of the morals of youth. The sections of the statute involved here are in no wise geared to the effect of the obscene materials on the morals of youth. The decision in the Butler case is therefore not applicable.
Winters v. People of State of New York, supra, and Herndon v. Lowry, supra, both correctly stand for the proposition that where a statute is so vague as to make criminal an innocent act, a conviction under it cannot be sustained.
In Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498, supra, the Supreme Court of the United States held that the words "obscene, lewd, lascivious, or filthy", "indecent character", and "obscene or indecent" provided reasonably ascertainable standards of guilt. It noted that some courts had held the words not to *608 be precise and then said that "this Court * * * has consistently held that lack of precision is not of itself offensive to the requirements of due process." 354 U.S. at page 491, 77 S.Ct. at page 1312.
In addition to the words "immoral", "degrading", "sadistic" and "masochistic", the statutes now before us describe the prohibited matter with the words "obscene", "lewd", "lascivious", "filthy", and "indecent", which were approved as being sufficient in the Roth case, supra. Thus it seems clear that the statutes now involved are not subject to the infirmities discussed in Winters v. People of State of New York, supra, and Herndon v. Lowry, supra.
Further it should be noted that the information under which defendant was charged in this case used only the identical descriptive words which were approved in the Roth case.
We conclude then that as against the above mentioned attack the subject statutes must be held valid.
Defendant's second question deals with the sufficiency of the evidence to support the judgment of conviction.
Defendant does not contend here that he did not possess or that he did not sell obscene matter. Nor does he contend that the articles were not obscene. The record before us clearly indicates that he admitted both possession and sale with knowledge of the obscene character of the matter.
As we view his contention under this point defendant seeks to excuse his possession and sale of the obscene matter under the exception to the prohibition of Sec. 847.01(1).
This exception is found in the introductory sentence of Sec. 847.01(1) and in effect provides that it shall not be unlawful for the condemned matter to be "* * * held by authorized persons for prosecution purposes * * *."
Defendant in his brief contends that he had possession of the obscene articles and made the sales thereof in an effort, made at the request of two F.B.I. agents, to secure information as to interstate traffic in such articles.
The record, as shown by the following summary of parts thereof, does not support defendant's contention.
The record shows that, for some time prior to the offenses involved herein, the defendant and two agents of the F.B.I. had been in rather frequent contact. The F.B.I., for some unexplained but understandable reason, was of the opinion defendant might be able to assist it in the obtaining of information concerning interstate traffic in obscene matter. The agents requested defendant to pass any such information along to them and contacted him on occasion to give him such opportunity. No information was ever given by defendant to the agents.
On September 17, 1959, one Harding, who unknown to defendant was assisting the local law enforcement officials, approached defendant at a novelty shop operated by him and asked him if he had any "dirty joke books." Defendant said he had some and walked to the rear of his shop, came back with several books, selected one and sold it to Harding, saying he thought he might enjoy it. The book, introduced into evidence, was found by the court to be obscene.
Defendant claimed that prior to that date he had been out of town, and when he returned to his novelty shop on September 16, 1959 he found the subject books, along with others, in a package which had arrived through the mail. He testified he had not ordered such books and they were sent to him on consignment. He claimed he made the sale to Harding, hoping to obtain some of the requested information for the F.B.I., and said Harding told him he would return later for more purchases.
Defendant did not contact the F.B.I. agents, saying he had no opportunity because *609 he went out of town again. He did not offer evidence as to when he left town but said he returned on September 25, 1959.
Defendant then alleged that on that day, September 25th, a man came into his store offering to sell him certain films and literature found in his shop, bringing some with him. He said that the man then left his shop in order to get more of the articles from his automobile and while he was gone Harding came into defendant's store for a second time and again requested dirty books.
Again defendant brought out several books at the request of Harding and selected two which he told Harding he might enjoy. When Harding completed his purchase, he gave a prearranged signal, whereupon deputy sheriffs entered the store and placed defendant under arrest. They searched the premises pursuant to a search warrant, finding a supply of the literature and other matter introduced into evidence and found by the trial court to be obscene.
Upon being arrested, defendant objected and offered the explanation that he made the sale and was in possession of the material in an effort to obtain information for the F.B.I. He told the deputies a man had just left the articles with him and was returning with more, but the deputies had probably frightened him off. No such person appeared while the deputies were present.
The two F.B.I. agents testified they had not asked defendant to buy obscene matter nor to make any sale thereof. One testified he had told him not to do so.
It should be noted that the F.B.I. was not interested in any way in any sale made by defendant. They were attempting to obtain information about persons bringing such matters across the state line and selling it to defendant.
We conclude that the evidence fully justified the trial court in rejecting defendant's contention that he was participating in the sale of such articles and had possession thereof as an authorized person for prosecution purposes.
As above noted, defendant's counsel in argument before us contended that the defendant was entrapped. This question was not raised in either the assignments of error or in the defendant's brief.
However, assuming that the question was properly before us there is no credible evidence in the record which would support any finding that defendant was entrapped.
The last question to be discussed was not raised by defendant in his brief or assignments of error but was advanced at oral argument. It concerns the necessity of an averment of scienter in the informations under which defendant was charged.
The statutes involved do not specify scienter as an element of the acts denounced thereby, but in Cohen v. State, supra, we held that scienter was an implied requisite as to the sale, distribution, etc. of obscene articles as denounced in the 1957 act. For the reasons expressed in the Cohen case we now hold that scienter is an essential element of the crimes denounced in the first paragraph of Sec. 847.01(1) and in Sec. 847.01(1) (b), F.S. 1959, F.S.A., which are the statutes here involved.
This holding gives reason to this last question raised by defendant. The State wisely anticipated that the question would arise and dealt with it in its brief.
The defendant contended that the informations are fatally defective for the reason that they do not allege that the defendant possessed and sold the obscene materials with knowledge of their obscene character.
The State meets this argument with the contention that while the defendant's point might have been well taken on a motion to quash the informations it comes too late *610 when made for the first time before this Court on appeal.
The State's position is correct.
Sec. 909.06, F.S.A. provides that a defendant who fails to attack the insufficiency of an information or indictment before or at the time he pleads thereto "shall be taken to have waived all objections which are grounds for a motion to quash." Sec. 909.02, F.S.A. provides that all defenses available to a defendant by plea other than pleas of nolo contendere and not guilty shall be taken by motion to quash so there can be no question that the alleged defect in the informations here involved should have been asserted by motions to quash.
The above quoted provision of Sec. 909.06, F.S.A., is subject to the exceptions provided in the last sentence thereof and in the provisions of Sec. 920.05(2), F.S.A., but they are not applicable to this case.
The defendant filed a motion to quash the informations herein involved, but he did not therein specify the alleged infirmity now raised as grounds for that motion.
Added to defendant's failure to raise this question by motion to quash is the bare fact that the defendant did not either assign as error or argue in his brief the failure of the State to allege scienter in the informations.
Failure to assign a question as error, or if assigned, failure to argue it in the brief filed here precludes our consideration of the question, unless the question constitutes fundamental error.
We must then determine if this alleged insufficiency of the informations constitutes fundamental error, i.e. that the informations wholly failed to charge crimes against defendant. We have concluded that it does not.
As we understand his position at oral argument defendant did not contend that the informations charged no offense against the laws of this State, nor could he successfully do so. He argued only that the informations were defective for failure to allege that defendant had knowledge of the obscene character of the materials possessed and sold, such knowledge being an essential element of the crimes charged against him.
This element of guilty knowledge is comparable to the element of intent and similar matters which are held to be essentials in other crimes. This Court has held that failure to allege such an essential in the information is not such a defect as to wholly invalidate the information, or to cause the information to charge no crime. Sinclair v. State, Fla. 1950, 46 So.2d 453, 454 (where court held that defect in the information caused by failure to allege that forgery had been committed "with the intent to defraud", an essential element of the crime, was waived by failure to attack by motion to quash); Overstreet v. State, 1938, 135 Fla. 715, 184 So. 485 (where court held that defect in the information caused by failure to allege that acts charged had been "wilfully" done, as required in statute, had been waived by failure to attack on motion to quash); Lewis v. State, Fla. 1957, 93 So.2d 46, 48 (where court held that "even if the indictment had been defective for failure to allege the crime of robbery, such defect can be taken advantage of only by motion to quash and any error committed assigned on appeal. Such defect would not render the indictment void or subject to collateral attack."); West v. State, 1942, 149 Fla. 436, 6 So.2d 7 (in which this Court, after recognizing that the trial court probably would have sustained a motion to quash an information charging perjury because of insufficient allegations, held that the attempt of the defendant to raise the question on motion for new trial came too late); Smith v. State, 1941, 147 Fla. 191, 3 So.2d 516 (in which this Court held that although the information might have been held to be insufficient to charge defendant as principal in the second degree with assault to commit murder in the first degree the defect was waived where it was raised *611 for first time on motion for new trial). Also see Fiske v. State, Fla.App. 1958, 106 So.2d 586 (where the district court in an appeal from an embezzlement and grand larceny conviction held that the absence in the information of the allegation that the acts were committed "with intent to deprive or defraud the true owner of his property" was waived because the defect was not raised by motion to quash).
Thus it is clear that this Court has consistently held that the failure to allege in an information some one ingredient of an offense does not render the charge void as wholly failing to charge a crime and has consistently held that failure to raise the defect by motion to quash constitutes a waiver of such insufficiency.
The informations in this cause were insufficient only in the failure to allege scienter. In all other respects they followed the statute and fully advised the defendant of the acts charged against him. They were not so vague, inconsistent or indefinite as to mislead defendant, embarrass him in preparation of his defense, or expose him after conviction or acquittal to danger of new prosecution for the same offenses. They were not void as wholly failing to charge a crime and therefore the defendant must be held, under provisions of Sec. 909.06, F.S.A., to have waived the failure to allege the element of scienter.
We observe here again that the defendant does not contend that he did not know of the obscene character of the articles possessed and sold. Even if he did it would be of no consequence for the record fully supports a finding that he had such guilty knowledge. The element of guilty knowledge, although not alleged, was amply proved satisfying the burden of the State to do so.
In his brief the defendant raised, but did not argue, the sufficiency of the proof because it had not been shown that the materials involved herein had ever been determined by a court of competent jurisdiction to be obscene in the manner provided in Sec. 847.01(1) (c), F.S. 1959, F.S.A. We have considered the question as being properly before us and find it to be wholly without merit.
In summary, we have determined that the subject provisions of Sec. 847.01, F.S.A. provide reasonably ascertainable standards of guilt and therefore do not violate due process of law; that since obscenity is not protected by the constitutional guarantees of freedom of speech and press, these statutes do not offend such constitutional guarantees; that scienter is an essential element of the offenses prescribed by these statutes and should be alleged and proved; that the defendant waived the failure by the State to allege scienter in the informations by not attacking them on this issue by motion to quash; that the absence from this information of an allegation of scienter did not render the information void for failure to charge a crime; and that the evidence amply supports the conviction of the defendant.
For the reasons above expressed the judgment and sentence appealed from is affirmed.
THOMAS, C.J., and TERRELL, ROBERTS, DREW, THORNAL and BARNS, JJ., concur.