QUINCE, J.,
concurring in result only.
I agree with the majority’s decision to approve the result of the Fourth District’s decision affirming Dean’s convictions. However, I cannot agree with the majority’s conclusion that manslaughter is a category one lesser included offense 'of second-degree felony murder.[4] Because second- . degree felony murder. requires that the victim’s death occur at the hands of “a person other than the person engaged in the perpetration of or in the attempt to perpetrate [an enumerated] felony,”[5] and manslaughter by act can occur when a defendant has directly or indirectly caused the death of another,[6] I would find that manslaughter by act is a category two lesser offense. Accordingly, I agree that Dean’s convictions should be affirmed. Because I would conclude that manslaughter is not a necessarily lesser included offense of second-degree felony murder, I would answer the certified question in the negative and approve the Fourth District’s decision below.
First, the definition of second-degree felony murder provided in the statutes is as follows:
When a human being is killed during the perpetration of, or during the attempt to perpetrate, any [enumerated felony] by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony commits murder in the second degree .... ”
§ 782.04(3), Fla. Stat. (2016) (emphasis added). We must be clear on the purpose of the felony murder statute'. As a society, we have decided that the desire to protect the public from the dangers associated with the commission of felony offenses permits the State to consider a defendant to be criminally liable for the acts of others as a consequence of the felony murder rule and the law of principals. See Adams v. State, 341 So.2d 765, 767-68 (Fla. 1976), superseded by statute, State v. Dene, 533 So.2d 265, 267 (Fla. 1988) (noting that the statutes were revised to distinguish between degrees of murder); Pope v. State, 84 Fla. 428, 94 So. 865, 869 (1922) (“ ‘The principle is well established that when several persons combine together to commit an unlawful act, each is criminally respon *427 sible for the acts of his associates committed in furtherance or prosecution of the common design, and if several persons combine to do an unlawful act and in prosecution of the common object a culpable homicide results, all are alike criminally responsible for the probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish,’” (quoting Henry v. State, 81 Fla. 763, 89 So. 136, 138 (1921))). In other words, our precedent provides that where the defendant is a principal in the commission or attempt to commit one of the felonies enumerated in either the first-degree or second-degree felony murder statute, and the murder is a natural and foreseeable consequence of the motivations involved in such felony, the defendant may be charged and convicted as a principal in the homicide. We do not extend this reasoning when there is an intervening and independent act—the lethal act must be in furtherance of the unlawful act the parties set out to accomplish; there must be some causal connection between the homicide and the felony. See Bryant v. State, 412 So.2d 347, 350 (Fla. 1982) (reversing the conviction for first-degree murder, explaining that “[s]ince it is the commission of a homicide in conjunction with intent to commit the felony which supplants the requirement of premeditation for first-degree murder, Fleming v. State, 374 So.2d 954 (Fla. 1979), there must be some causal connection between the homicide and the felony”). The purpose of this rule is to enhance punishment to deter the inherently dangerous situations caused by the commission of a felony that causes the death of another. See Parker v. State, 641 So.2d 369, 376 (Fla. 1994).
To be sure, the facts of this case support the application of the felony murder statute. Dean and Flint were in flight from the burglary they committed when Flint was struck by the burglary victim’s car. The flight from the burglary is part of the res gestae of that felony. See Campbell v. State, 227 So.2d 873, 878 (Fla. 1969); Jefferson v. State, 128 So.2d 132, 137 (Fla. 1961). This is just the sort of behavior the felony murder rule seeks to deter. However, manslaughter by act requires the direct act of the defendant, which in this case did not occur.
In Montgomery, we concluded that manslaughter by act did not require an intent to kill the victim, only the intent to perform the act that led to the victim’s -death; participation in the robbery was not the act that led to the participant’s death in this case. The majority reasons that “[t]he elements of manslaughter are always subsumed within the elements of second-degree felony murder because both offenses require some action by the defendant that ultimately causes the victim’s death.” Majority op. at 423. This reasoning is a misstatement of second-degree felony murder, which requires the action of a third party not engaged in the felony. The majority then reasons that the commission of the underlying felony is the requisite action causing the victim’s death to qualify as manslaughter by act. Such reasoning reads the requirements of the felony murder statute into the manslaughter statute and cannot be supported. To find that manslaughter is a category one lesser included offense, the elements of manslaughter must be present without relying on the language of another statute.[7]
*428 The majority, and the Fourth District below, have extended our decision in Montgomery to exclude all direct action or proximate .cause by . a defendant in manslaughter, by act. While manslaughter by act. does not require intent to .kill, it still requires intent to have done the act that directly or proximately causes the death of the victim. The removal of the stop sign in Miller directly led to the death.of the victim, in this case. But for the removal, the accident would not have occurred. Here, the robbery was not a direct cause of death. The robbery may have placed the parties in closer proximity, but the robbery did not cause the burglary victim to strike Flint. The burglary is only related because flight from the burglary and the actions of the third non-principal party qualifies the death for second-degree felony murder.
Flint was struck and killed by a car not driven by Dean. Dean did not lure Flint onto 1-95 and place him in the path of the vehicle that struck him, Dean’s high-speed driving did not push another car into a victim, causing his or her death. Dean did not remove a guardrail that would have protected Flint from, injury. There is no action performed by Dean that but for said action Flint would be alive. Dean’s actions did not directly or indirectly cause the death of Eric Flint. Accordingly, the reasoning in Montgomery does not apply.
Second, if manslaughter by act is a nec-. essarily included offense, the .appropriate remedy is to remand for a new trial. As we stated in Montgomery, a “ ‘necessarily lesser included offense’ is ... a lesser offense that'is always included in the major offense. The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given.”. Montgomery, 39 So.3d at 259 (quoting Wimberly, 498 So.2d at 932) (emphasis added). My colleague argues that there is no inherent error in failure to instruct on an immediate lesser-included offense because there is no right for the jury to exercise its pardon power. Concurring op. at 425 (Polston, J., concurring). This Court has recognized the opposite for as long as there has been a Florida Supreme Court. See, e.g., Brown v. State, 31 Fla. 207, 12 So. 640, 642 (1893) (“The offense of which there has been a conviction is included within or may be carved' out of that major offense charged in the indictment, and the indictment is sufficient to sustain the conviction.,.. And that fact that the evidence is more than sufficient to support the conviction does not render it insufficient to do so, and the prisoner is in nowise hurt by that excess of its probative force which the jury has ignored.”); Hayes v. State, 564 So.2d 161, 163 (Fla. 2d DCA 1990) (“Failure to so instruct on the next immediate lesser-included offense of the crime charged is reversible error because it has the effect of removing from the jury an opportunity to exercise its inherent pardon power.” (citing State v. Abreau, 363 So.2d 1063 (Fla. 1978))); Brown v. State, 206 So.2d 377, 384 (Fla. 1968) (“Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged -has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily included offense -instruction should [b]e given.”); Jimenez v. State, 158 Fla. 719, 30 So.2d 292, 295 (Fla. 1947). To hold otherwise, as the majority currently does, is to recede from centuries of caselaw without an explanation.
Because I would find that one cannot read the requirements of felony murder *429 into the manslaughter statutes to find culpability and because the facts of this case do not support a finding of manslaughter by act, I would find that manslaughter by act is not a necessarily included offense. To the extent the majority holds otherwise, I cannot agree. However, because I would find that manslaughter by act is a permissive included offense—category two—and that there was no error in failing to read the instruction here, where the facts did not support a finding of manslaughter by act, I concur in the result to approve the Fourth District’s affirmance of Dean’s conviction.

. Indeed, the majority’s decision to answer the question in the affirmative belies its decision to affirm Dean’s convictions. This Court has repeatedly held that failure to instruct the jury on a category one lesser included offense is reversible error requiring a new trial. Haygood v. State, 109 So.3d 735, 741-43 (Fla. 2013).

. See § 782.04(3), Fla. Stat (2016).

. A felony that serves as a predicate to finding felony murder is not inherently an act that causes the death of another.

. For example, if Dean engaged in a high-speed chase with Flint as a passenger during the flight from the burglary and a third party, such as the burglary victim in this case, struck the car leading to Flint’s death, a jury could reasonably find either second-degree felony murder or manslaughter by act. The act in this example would be that Dean led a high speed chase, but the fact that Flint’s death was caused by a third parly during the *428 flight from the burglary would also qualify his death as second-degree felony murder.