ORISON BILLINGS AND HERMAN CUBBEDGE, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## En Banc.

Opinion Filed March 27, 1925.

1. Motion in arrest of judgment forms part of the record proper, and when evidenced to an appellate court only in and by a bill of exceptions, can not be recognized or considered by such court.

2. When a statute makes either of two or more distinct acts connected with the same general offense, and subject to the same punishment, indictable as distinct crimes, they may when committed by the same person at the same time be coupled in one count and constitute but one offense.

3. The verdict is sustained by the evidence.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Judgment affirmed.

*Edgar W. Waybright,* for Plaintiffs in Error;

*Rivers Buford,* Attorney General; and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

WHITFIELD, J.—The indictment herein contains three counts. In the first count it is charged that the four defendants did without lawful authority forcibly confine and imprison one R. with intent to cause said R. to be secretly confined and imprisoned in the county and State against his will. The second count charges that the four defendants without lawful authority did confine, inveigle and kidnap one R. with intent to cause him to be secretly confined

and imprisoned in the county and State against his will. In the third count it is alleged the four defendants did without lawful authority forcibly and secretly confine and imprison another person, to-wit: one R. within this State against his will, and did confine and inveigle and kidnap another person, to-wit: one R. with intent to cause him, the said R. to be secretly confined and imprisoned in this State against his will. The defendants severally pleaded not guilty to each and all of the counts of the indictment. One of the defendants failed to appear and the trial proceeded against three of the defendants. The jury found the plaintiffs in error "guilty as charged in the third count of the indictment and Henry Green not guilty as charged." Motions in arrest of judgment and for new trial were denied, sentence was imposed, and writ of error was taken.

"The motion in arrest of judgment is evidenced to this court only in and by the bill of exceptions, when it is matter of record and should have been included in the record proper in the case, and we are not authorized to recognize it when so presented. Caldwell v. State, 43 Fla. 545, 30 South, Rep. 814, and cases there cited." Kelly v. State, 44 Fla. 441, text 448, 33 South. Rep. 235; Massey v. State, 50 Fla. 109, 39 South. Rep. 790.

Upon grounds of the motion for new trial, it is contended that the conviction on the third count of the indictment is not authorized by the law in view of the statute defining the offenses charged and of the acquittal of the defendants on the first two counts by specifically finding them guilty under the third count only.

The statute is as follows:

"Whoever without lawful authority forcibly or secretly confines or imprisons another person within this State against his will, or confines or inveigles or kidnaps another person, with intent to cause him to be secretly confined or imprisoned in this State against his will, or to cause him to

be sent out of this State against his will; and whoever sells, or in any manner transfers, for any term, the service or labor of any other person who has been unlawfully seized, taken, inveigled or kidnapped from this State to any other State, place or county, shall be punished by imprisonment in the State prison not exceeding ten years." Sec. 5057 Rev. Gen. Stats. 1920.

Regarding the third count of the indictment as charging two offenses under the statute, such offenses are similar and the allegations as to them are not repugnant or duplicitous.

When a statute makes either of two or more distinct acts connected with the same general offense, and subject to the same punishment, indictable as distinct crimes, they may when committed by the same person at the same time be coupled in one count and constitute but one offense. Smith v. State, 40 Fla. 203, 23 South. Rep. 854.

There is ample evidence to sustain the verdict as found, the intent being inferred from the character of the illegal acts clearly shown; and even if testimony objected to was not proper to show motive or for other purposes of the trial, the convincing nature of the testimony as to guilt under the statute and the indictment, makes technical errors, if any, in any of the proceedings at the trial harmless, or not so "prejudicial as to justify a new trial," (Brooks v. United States, U. S., Sup. Ct. Rep., decided March 9, 1925; Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52), therefore the judgment should be and is affirmed.

WEST, C. J., AND ELLIS, BROWNE AND TERRELL, J. J. concur.