**WILLIE MILES, alias JOE, v. STATE OF FLORIDA**

36 So. (2nd) 182                                     January Term, 1948
June 1, 1948                                                En Banc
Rehearing denied July 29, 1948

*J. M. & H. P. Sapp,* and *Joseph S. Ray,* for appellant.

*J. Tom Watson,* Attorney General, and *Ernest W. Welch,* Assistant Attorney General, for appellee.

WHITE, Associate Justice:

Appellant was convicted of arson. He contends first that the information is fatally defective because it charges in a single count that the accused "burned" and "procured to be burned" the dwelling house in question. Appellant argues that the Legislature, by the use of the disjunctive "or" in the statute upon the subject, intended to define two or more separate and distinct crimes; that, hence, by the use of the

conjunctive "and" in the information, two crimes, inconsistent in character, are charged in a single count, in violation of the rule condemning duplicity.

That position is untenable. The style employed in drafting the information has been approved by this Court. See Billings v. State, 89 Fla. 309, 103 So. 628 (1925); Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013 (1939); Holden v. State, 136 Fla. 880, 187 So. 781 (1939).

Next, appellant argued that there was no proof of the corpus delicti when the trial court permitted "confessions" to be given in evidence. To establish the corpus delicti, there must be proof of the criminal agency of another as the cause of the occurrence. The corpus delicti may be shown as well by circumstances as by direct evidence. Smith v. State, 135 Fla. 835, 186 So. 203 (1939).

In the case at bar, a large two-story frame dwelling house located in Panama City was damaged by fire at approximately five o'clock in the morning. It had been remodelled to provide several apartments as additional living quarters for shipyard workers and their families. It was insured against loss or damage by fire, one Hodges, as owner, and one Dean, as mortgagee, being the beneficiaries.

Evidence that a burned building is covered by insurance is relevant in a case such as this. See Sawyer v. State, 100 Fla. 1603, 132 So. 188 (1931); Duke v. State, 134 Fla. 456, 185 So. 422 (1938).

The chief of the fire department testified that when he arrived in answer to the fire alarm the house was "burning from the first floor up and was breaking through the roof"; that the fire "was very stubborn to put out. You would knock it down but it wouldn't stay and would flash and come back again"; that he noticed the odor of kerosene on the first floor but not on the second; that after subduing the fire he found on the first floor near the foot of the stairs kerosene in the water which he was able to scoop up with his hands; that there were two oil stoves in apartments on the second floor but the oil tanks were missing; that no kerosene was found in that area; that he saw the accused at the scene of the fire during its progress.

The accused was employed as a domestic servant there and lived upon the premises.

Those facts sufficiently establish the corpus delicti. See Smith v. State, supra.

Next, appellant argues that the evidence is insufficient to support the verdict. The trial judge rejected the same contention in the lower court in denying appellant's motion for new trial.

A verdict of a jury may not be disturbed by this Court on the ground that the evidence is insufficient if there is found in the record substantial, competent evidence of all facts essential to conviction. That principle is so well established as to require the citation of no authority in its support.

Evidence is substantial if "a reasonable mind might accept (it) as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) ; NLRB v. Columbian Co., 306 U.S. 92, 300 (1939). Applying the "substantial evidence" rule to the verdict of a jury one finds that the verdict of a jury must stand if the conclusion is one which would have been reached by reasonable men. See "Review of Findings of Administrators, Judges and Juries: A Comparative Analysis." 58 Harv. Law Rev. 70 (1944).

In the case at bar the State's witness, C. C. Bivins, testified that following the fire he travelled with Dean by automobile from Columbus, Georgia, to Panama City, and to the burned premises; that upon arrival accused approached the automobile and stated: " 'Well Mr. Dean, I done what you told me to do, I burned it up. Didn't do as good a job as I intended to do because I got confused about pouring the kerosene and gasoline I had mixed,' and he said whenever he went in the place he was to pour kerosene on one side and set it and go back and pour on the other side and set it, and instead of that he poured it all on one side and like to got burned up doing it and come on down, and Mr. Dean told him he ought to kill him for talking like that before anybody."

Whether or not Bivins was testifying truthfully or falsely is not for this court to decide. That was a question for determination by the jury.

When it is assumed that Bivins was testifying truthfully and that the accused actually and in fact made the statement, then that admission itself is substantial evidence of guilt, and appellant's argument must be rejected.

Next, appellant urges that the trial court committed prejudicial error in neglecting to charge the jury sua sponte respecting the weight to be given by the jury to "confessions."

In addition to the statement made by defendant to the witness, Bivins, just related, the state's witness, Walter Avery, testified that in a conversation with defendant after the fire the defendant stated: " 'Look here what I got. I got five hundred dollars to burn the house,' 'I give my woman fifty dollars and if you would like to you can get yourself fifty dollars.' "

In support of his argument, appellant relies upon Harrison v. State, 149 Fla. 365, 5 So. (2nd) 703 (1942), wherein this court declared it to be the duty of the trial court, whether requested or not, to instruct the jury that "confessions" should be acted upon with great caution. That case cannot be placed in the same category with this one. There the defendant had been sentenced to death, and upon a review of the evidence the court concluded that his conviction *rested* on his confession. Despite the fact that this testimony against himself was indispensable to a conviction, no charge was given with reference to the manner in which the confession should be received and considered by the jury. The importance of this omission is magnified in the light of Section 924.32 (2) Florida Statutes, 1941, (F.S.A.), where the appellate court is admonished to review the evidence, in a case resulting in a sentence of death, "to determine if the interests of justice require a new trial, whether the insufficiency of the evidence is a ground of appeal or not."

In adverting to such a situation in Brunke v. State, 33 So. (2nd) 226, Mr. Justice SEBRING wrote that "the quoted statute was just as implicit in the decision of the court [in Harrison v. State] as though it had been written in the opinion verbatim . . . "

By reason of the circumstances surrounding the making

of the "confessions" there was no occasion for giving a charge such as that referred to in Harrison v. State, supra.

Other questions raised have been examined and found to reflect no harmful error.

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and SEBRING, JJ., concur.