PER CURIAM.
Appellant was convicted on two counts of an information based on Section 849.09, Florida Statutes, F.S.A., charging him (1) with having aided and assisted in setting up, promoting and conducting a lottery known as “Bolita”, for money by receiving and taking into his possession and transporting tally sheets and records showing the betting, and (2) with having an interest in and connection with a lottery known as “Bolita”, for money, in that he received, collected and transported records of the sale of chances thereon. He was sentenced to imprisonment in the state prison for one year and to pay a fine of $500, in default whereof to be confined in the state prison for an additional *85 period of six months. This appeal is to review the conviction and sentence.
The principal thrust of. appellant’s position is that the essential facts on this appeal parallel those found in the case of Holliday v. State, Fla.App.1958, 104 So.2d 137, and that we should be controlled by the rule of law there announced by this court. In that ■case the defendant,. Holliday, was charged and convicted of having been interested in •or connected with a lottery contrary to Section 849.09(1) (d), Florida Statutes, F.S.A., but our opinion therein quotes evidence of the State’s main witness which effectively destroyed any implication or reasonable inference which the jury might otherwise have drawn that the lottery there charged was in fact a live lottery at the time the lottery paraphernalia was found 'on defendant’s person, or that such paraphernalia related to a lottery which had been played within two years prior to the date of the indictment. It was because of the deficiency of the evidence in this respect that the conviction was reversed.
 The case now before us is factually distinguishable from the Holliday case in that the State’s evidence in the record before us does not destroy the implication but in fact creates a reasonable inference that the lottery paraphernalia found in defendant’s possession related to a live lottery yet to be played or to a lottery which had been played within two years prior to the filing of the information against appellant. As was said in the Holliday case, the possession of lottery paraphernalia, coupled with other pertinent evidence, may be properly considered by the jury in determining the issue of defendant’s guilt or innocence, that is to say, whether such paraphernalia related to a live lottery yet to be played or one which had been played within the statutory period of time prior to the filing of the information. For the reasons herein stated the rule in Holliday is not applicable to the facts in this case and the result there reached is not controlling on our decision here.
Under F.S. Section 849.09(2), F.S.A., the punishment prescribed is “imprisonment in the state prison for not less than one year or more than five years.” The trial court correctly treated the conviction under the two counts as constituting a single offense (see Norwood v. State, Fla., 86 So.2d 427), but the sentence is clearly erroneous because the statute does not provide for imposition of a fine in those instances where, as here, the defendant is convicted of a felony.
Accordingly, the conviction is affirmed but the sentence is vacated, and this cause is remanded with directions that the appellant be presented to the trial court and properly sentenced in accordance herewith.
WIGGINGTON, C. J., and STURGIS and CARROLL, DONALD K., JJ., concur.