133 So.2d 587 (1961)
Jesse ALSPAUGH, Appellant,
v.
STATE of Florida, Appellee.
Eloise ALSPAUGH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2129, 2130.
District Court of Appeal of Florida. Second District.
October 4, 1961.
Rehearing Denied October 30, 1961.
*588 H. James Brett, of Thompson & Brett, Orlando, for appellants.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for appellee.
WHITE, Judge.
Jesse and Eloise Alspaugh, husband and wife, were informed against and convicted in the Criminal Court of Record of Orange County, Florida, of violation of Florida Statutes, Section 849.09(1) (d) F.S.A., by conducting a "bolita lottery" within their residence. On appeal Eloise Alspaugh questions the sufficiency of the evidence against her and Jesse Alspaugh seeks a determination of undue severity of the five year sentence imposed against him in view of his age of seventy-five years. Both questions are resolved against the appellants.
The Orlando police observed the movements of the appellants for some time and searched their place of residence under a valid search warrant. The police officers found and seized certain articles and materials termed paraphernalia which led to the arrest and ultimate conviction of the appellants. The paraphernalia consisted of a short wave radio adaptable for the reception of messages from Cuba, various Spanish language books, earphones, numerous slips of paper with numbers thereon, $533.10 in cash, and other suspect material.
At appellants' trial an expert witness for the state described the customary manner of conducting the lottery operation known as "bolita" or "Cuba" and testified that the aforesaid paraphernalia, received in evidence, was characteristic of such a lottery. There was also testimony that during the search of appellants' premises approximately ten incoming telephone calls sought the winning number and other pertinent information.
Appellant Eloise Alspaugh contends that the evidence was insufficient to convict her of conducting a lottery since it was not shown affirmatively that she engaged in the illegal operation. The mere fact of conjugal relationship of husband and wife does not, of course, make one mate vicariously liable for the criminal acts of the other; but the circumstance of her relationship to Jesse Alspaugh was not the only evidence involving Eloise Alspaugh. Her conviction and similar sentence of five years does not appear to have been based upon the nebulous concept of "guilt by association".
The record discloses that Eloise Alspaugh was fully aware of her husband's occupation. She accompanied him during trips around Orlando while he was paying off persons and engaging in other activities associated with the bolita operation. There was also other substantial evidence to convince the jury beyond a reasonable doubt that Eloise Alspaugh purposely acted in concert with Jesse Alspaugh and was equally guilty. See Miles v. State, 1948, 160 Fla. 523, 36 So.2d 182; Gaston v. State, Fla.App. 1960, 118 So.2d 83.
Appellant Jesse Alspaugh complains that the sentence imposed upon him violates Section 8 of the Declaration of Rights of the Florida Constitution, F.S.A. which forbids excessive bail, cruel or unusual punishment and indefinite sentences. The anti-lottery law here involved plainly evinces a strong public policy against the described offenses, and sentence of one to five years imprisonment is authorized. The validity of the statute is not questioned. As to the instant claim of excessive sentence, we note the rule that it is not within the historical province of the judiciary *589 to create the terms of criminal sentences and that the trial court may impose any sentence within the limits validly prescribed by the legislature without offending organic law. Brown v. State, 1943, 152 Fla. 853, 13 So.2d 458, 461.
If a strict enforcement of the sentence in question should appear to endanger the life of the appellant Jesse Alspaugh, in view of his advanced age or state of health, the parole officers are the proper authorities to consider and determine that question. Chavigny v. State, Fla.App. 1959, 112 So.2d 910; Stanford v. State, Fla. 1959, 110 So.2d 1.
The sentences accordingly are upheld and the judgments of conviction affirmed.
Affirmed.
ALLEN, Acting C.J., and SMITH, J., concur.