ODOM, ARCHIE M., Associate Judge.
This appeal is taken by appellant, plaintiff below, from a final decree awarding Appellee-Luke a money judgment for services rendered as trustee plus attorney fees and awarding Appellee-Leone a money judgment for money paid to or advanced on behalf of appellant.
In 1960 appellant became interested in purchasing 250 feet of ocean frontage, reserving the entire parcel in his name. Appellant approached Appellee-Leone, a real estate broker, for the purpose of finding other purchasers willing to take 150 feet of the property, appellant being financially able to handle only 100 feet. Other purchasers were found and the sale was consummated. Title to the property was taken in the name of a trustee, the Appellee-Luke becoming successor trustee. The original trustee executed a declaration of trust specifying the beneficial interest of 40 per cent of the trust to be in J. E. Leone. This was actually the interest of appellant.
There is conflicting evidence as to what happened between the above described events and the bringing of this action.
Appellant brought this action to impress a constructive trust on 100 feet of the property held by Appellee-Luke as trustee and to require Appellees-Luke and Leone to deed said property. Appellant also asked for money judgment for wrongful detention.
Appellee-Leone answered admitting that the beneficial interest in the trust in his name actually belonged to appellant. Ap-pellee-Leone counterclaimed alleging that he had advanced money for the benefit of appellant, and further, requested the court to ratify an exclusive listing contract for which he had paid appellant, or in the alternative, require appellant refund to him the consideration he had paid for the exclusive listing. Appellant denied all the allegations of the counterclaim except the residence of Appellee-Leone.
*486 Appellee-Luke answered appellant’s complaint alleging appellant had no record interest in the trust. Appellee-Luke counterclaimed against appellant for a money judgment for services and attorney fees in the event the court found appellant to be a beneficial owner of a portion of the trust. Appellant denied responsibility for any services performed by Appellee-Luke.
This cause came on for final hearing and at the outset appellees agreed to deed to the appellant the 100 feet of property claimed by appellant.
The court found that Appellee-Luke was entitled to a money judgment against appellant for services and expenses as trustee and for attorney fees. The court further found that Appellee-Leone was entitled to a money judgment against appellant for money advanced for taxes and money alleged to have been paid to appellant for the exclusive listing.
The court found against appellant on his claim for unlawful detention.
It is from the final decree incorporating these findings that this appeal is taken.
This case presents nothing more than a factual dispute. There is conflicting evidence or legitimate, inferences to be drawn from testimony on. every issue presented by the pleadings,
In the' case of Ames v. Ames, Fla.App. 1963, 153 So.2d 737, the court provided limits of appellate review in the following statement:
“[4-6] This is another case in which no useful purpose would be served by summarizing the evidence here. There were many conflicts and disputes. The onus is upon the trial judge to pass upon the credibility of the witnesses and to reconcile the disputes and conflicts in their testimony. Of course, the decision which the chancellor ultimately makes upon the entire case is not absolute and final. It is subject to examination and review by an appellate court which must act within limits established for judicial review of findings of fact. The decision which we might have reached had we been the trier of the facts is now irrelevant. We simply search the record for substantial evidence which supports the decree. It has been said that evidence is substantial if ‘a reasonable mind might accept (it) as adequate to support a conclusion’. Miles v. State, 1948, 160 Fla. 523, 36 So.2d 182. * * * ”
We have reviewed the record in this case and find substantial evidence to support the findings of the chancellor.
Finding no reversible error the final decree appealed from is affirmed.
Affirmed.
SMITH, C. J., and ANDREWS, J., concur.