CARROLL, DONALD K., Acting Chief Judge.
The appellant was tried and convicted of the crime of aggravated assault by the Circuit Court for Leon County and has appealed from his judgment of conviction and sentence.
The ultimate question presented for our determination ' in this appeal is whether, under the circumstances set forth below, the appellant was accorded a fair trial in accordance with the precepts of due process of law.
The information under which the appellant was tried charges that at a certain time and place the appellant, John Henry Majors, III, “and” Johnny Lee Bellamy, II, did assault one Earl Johnson, II, with a deadly weapon, to-wit: a pistol, “not then and there having a premeditated design to effect the death” of the said Johnson.
Both of these defendants pleaded not guilty to this charge and were tried jointly before the same jury. The jury returned a verdict of guilty as charged against the appellant and a verdict of acquittal as to Bellamy.
At the trial four prosecution witnesses testified that the appellant shot Johnson while four equally competent prosecution witnesses testified that it was Bellamy, not the appellant, who shot Johnson, There was no evidence at the trial as to any joint act of the appellant and Bellamy, nor of any conspiracy between them.
At the trial some light is thrown upon the anomalous situation in this case (with four prosecution witnesses testifying that the appellant shot Johnson and four other prosecution witnesses testifying that it was Bellamy who shot Johnson) by the testimony of the prosecution’s chief police witness, who testified that the city police had arrested the appellant and that the county sheriff had arrested Bellamy; that his investigation showed that there was only one gun involved, that only one bullet was fired, and only one person was shot. The officer admitted that two men were being prosecuted for pulling the same trigger; and that he did not have any evidence that at the scene the two defendants worked together in shooting Johnson.
In our consideration of this appeal we have reached the conclusion that the judgment appealed from herein cannot be allowed to stand.
In this appeal the most ingenuious and sound contention made by the appellant is that, when the prosecution presented the testimony of four eyewitnesses, as a part of the prosecution’s case, that the appellant did not commit the crime for which he was being tried, the prosecution’s case “created a reasonable doubt as a matter of law.” No attempt was made by the prosecution to follow their testimony with evidence designed to rebut the testimony of these four eyewitnesses. It is the appellant’s position that, where the State presents numerous witnesses to prove the defendant to be innocent, the State is bound by its own evidence, at least to the extent of creating a reasonable doubt as to the defendant’s guilt.
Well reasoned decisions in other jurisdictions support this contention of the appellant. For instance, in Jackson v. State, *448 12 Okl.Cr. 446, 158 P. 292 (1916), the State put on one witness who testified that the defendant was guilty of the criminal act charged, while another witness swore that the defendant was innocent. The defendant was convicted. In reversing the judgment of conviction, the Oklahoma Supreme Court held that the defendant’s motion for a directed verdict at the end of the State’s case should have been granted, that court saying:
“It is the duty of the State to establish beyond a reasonable doubt that the person on trial is guilty and that, too, by proper and credible testimony. The State cannot put on two witnesses and prove by one of them that there is a probability of defendant’s guilt, and another that he is innocent absolutely, and expect this court to uphold the judgment.”
To the same effect, see the decision of the Idaho Supreme Court in State v. Haynes, 64 Idaho 627, 135 P.2d 300 (1943), holding that the State “is bound by its evidence * * * ” and, where it is directly contradictory, “a conviction cannot stand.”
While we know of no Florida decision passing upon the precise point before us, there are several Florida cases that generally support the appellant’s contention concerning the reasonable doubt cast on the appellant’s guilt by the testimony of the State’s own witnesses. For example, in Leavine v. State, 109 Fla. 447, 147 So. 897 (1933), the Florida Supreme Court held:
“The guilt of a person charged with crime must be established beyond a reasonable doubt; a strong probability of crime is not sufficient.”
Our Supreme Court also held in Gustine v. State, 86 Fla. 24, 97 So. 207 (1923):
“If the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be.”
Each defendant was forced into the position of trying to prove that the other defendant was the guilty party, while the prosecutor could sit back and watch the two defendants “fight it out” before the jury as to who was guilty. This, we think, was an unfair burden to place on the defendant under our system of justice. Under that system there is no authority for the procedure used in this case, which we believe denied due process of law to the appellant, so the judgment appealed from must be reversed.
The record does not disclose, of course, the precise reason why the prosecution elected to proceed as it did, charging the appellant and Bellamy jointly with the crime of aggravated assault. Conceivably, the prosecution, in view of the conflicting testimony as to who shot Johnson, decided to charge and try both defendants and let them fight it out before the jury, and let the jury decide who is guilty. Perhaps the prosecution had in mind the procedures sometimes permissible in civil actions in which a plaintiff files a negligence action jointly against several defendants, who find themselves scrapping before the jury as to who is liable for the plaintiff’s injuries; or in which an interpleader action is filed by an insurer, which places the disputed funds into the registry of the court, and sues the claimants to the funds, so that the insurer can step aside and let the claimants fight for their claims before the court. Neither of these procedures is permissible in criminal law, mainly for the fundamental reasons that an accused is presumed to be innocent, that the burden is upon the prosecution to prove beyond a reasonable doubt that the accused is guilty of the crime charged, and that every accused is entitled to a fair trial.
The final juridical problem confronting us in this appeal relates to the instructions which we should give on reversal and remand. We recognize that many serious questions may arise if there should be a retrial of this case, but those questions are not properly before us in the posture of *449 this appeal, so we need not, and do not, rule upon those questions at this time.
The judgment appealed from herein is reversed and the cause is remanded for a new trial or such other proceedings as may be proper.
Reversed and remanded with directions.
WIGGINTON and RAWLS, JJ., concur.