HENDRY, Judge.
By a two count information, the state charged appellant with violating F.S. Section 832.041, F.S.A., by stopping payment on two checks dated August 17, 1970 for $17,000 and $20,000. Appellant was acquitted of count one due to a clerical error; he was found guilty by the trial judge of count two. The judge, after the finding of guilt, withheld adjudication and entered an order placing appellant on three years probation and requiring restitution.
At trial, held non-jury, the state’s evidence consisted of the testimony of its complaining witness, Jose Fernandez Pena. Appellant also relies upon Pena’s testimony in addition to his own testimony. The evidence demonstrated that Pena worked for a company known as Gramco International, and the appellant was his superior. The two men became involved in numerous financial transactions, including loans by Schilling to Pena, advances by Schilling to Pena concerning stock purchases, and various transactions between the two involving Gramco stock owned jointly by Pena and another and a certain bank charter venture in Grand Cayman Island.
Pena testified that on August 17, 1970, the two men held a meeting, and appellant agreed to purchase 1,500 shares of Gramco, which Pena owned, for $48,000. At that time, appellant wrote the two checks numbers 663 and 664, alleged in the information. *429 Subsequently, appellant wrote two other checks, dated October 20, 1970, numbers 719 and 720, for $12,000 and $15,000, upon which he also stopped payment. However the state did not charge any criminal act associated with stopping payment on these latter two checks. Pena alleged that he never has received any money for the shares transferred, and appellant received some $46,000 upon resale of the stock.
Appellant’s point on appeal is that the evidence at trial was insufficient to prove him guilty beyond and to the exclusion of any reasonable doubt. We agree.
At trial, appellant introduced a document indicating that Pena, on November 6, 1969, promised to pay a pre-existing $25,000 debt to appellant with 1,000 shares of Gramco. Appellant also testified that he stopped payment on both the checks dated August 17, 1970 and October 20, 1970 because the bank venture in Grand Cayman Island had not materialized. In short, the appellant contended that the stock had been transferred to repay a loan and that the checks were payments towards the bank venture and by stopping payment he had defrauded Pena of nothing.
Appellant has called our attention to much authority in this state for the proposition that in a criminal case it is not sufficient that the facts create a strong probability of, and be consistent with, guilt. Rather, they must be inconsistent with innocence. See 13 Fla.Jur. Evidence § 417, and cases cited therein. In Gustine v. State, (1923) 86 Fla. 24, 97 So. 207, our Supreme Court said:
“If the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be.” See also, Jenner v. State, Fla.App. 1964, 159 So.2d 250, 253; Majors v. State, Fla.App. 1971, 247 So.2d 446, 448.
The record demonstrates that the trial court was persuaded by the fact that the two checks of August 17 totaled $37,000 and appellant allegedly realized $46,000 from re-sale of the stock, where the debt Pena owed was only $25,000. However, Pena and Schilling had a multitude of different transactions, and the basic issue at trial was not insufficiency of consideration or usury, but a criminal violation by appellants of F.S. 832.041, F.S.A.
We think the evidence supports a rational conclusion that appellant may have accepted the stock to repay a loan or loans which he made to Pena and that appellant stopped payment on the checks because the Grand Cayman bank transaction had not materialized.
Therefore, for the reasons stated and upon the authorities cited, the orders finding appellant guilty and placing him on probation and commanding restitution are reversed and appellant is discharged.
Reversed.