DANIEL S. PEARSON, Judge.
Separate petitions for delinquency were filed against the twelve-year-old appellant and his fourteen-year-old brother, charging them with the second-degree murder of one Laurence Baker. Based on the testimony adduced at a consolidated probable cause hearing, the charges in the petitions were reduced to aggravated battery. By stipulation, the transcript of this testimony was received in the stead of live testimony at a consolidated adjudicatory hearing. Both the appellant and his brother were adjudicated delinquent upon findings that they committed the aggravated battery and, in its commission, used a deadly weapon, a metal lock.
This appeal challenges the sufficiency of the evidence to support the adjudication of the appellant. To address this challenge we need only a brief summary of the evidence. The attack occurred at lunch hour in a schoolyard. Baker’s death resulted from head trauma caused by a blunt instrument. The injury was consistent with being struck by a metal lock. The appellant surrendered the lock to the police when they arrived at the scene and stated that he had bought it earlier that day. The descriptions of the fight, all elicited from witnesses for the prosecution, varied. Two witnesses stated that they saw appellant strike the victim in the head with a lock. Another said the appellant was fighting with the victim, and when appellant’s brother came running up, appellant handed his brother the lock, with which the brother struck the victim. Two other prosecution witnesses testified that the appellant, getting the worst of a fight with the victim, was lying on the ground beneath the victim when the appellant’s brother came running up and struck the victim in the head with a lock he had in his hand. The appellant’s position is that be *687 cause the latter two eyewitnesses testified, as a part of the State’s case, that the appellant did not commit the crime for which he was on trial, a reasonable doubt was created as a matter of law. He contends that Majors v. State, 247 So.2d 446 (Fla. 1st DCA 1971), requires reversal of his adjudication. We disagree and affirm.
In Majors, two people, Majors and Bellamy, were jointly charged with assaulting another, Johnson, with a pistol. Majors was convicted; Bellamy acquitted. At trial four state witnesses said Majors shot Johnson; four equally competent state witnesses said Bellamy shot Johnson. There was only one gun involved and only one bullet fired. Significantly, there was no evidence that Majors and Bellamy acted in concert.
While Majors contended, as does the appellant here, that the prosecution’s case created a reasonable doubt as a matter of law, the court implicitly rejected that contention. Instead, the court held that bringing Majors to trial with Bellamy was a denial of Majors’ due process right to a fair trial requiring that Majors be tried again.[1]
“Each defendant was forced into the position of trying to prove that the other defendant was the guilty party, while the prosecutor could sit back and watch the two defendants ‘fight it out’ before the jury as to who was guilty. This, we think, was an unfair burden to place on the defendant under our system of justice. Under that system there is no authority for the procedure used in this case, which we believe denied due process of law to the appellant, so the judgment appealed from must be reversed.
“The record does not disclose, of course, the precise reason why the prosecution elected to proceed as it did, charging the appellant and Bellamy jointly with the crime of aggravated assault. Neither of these procedures [permissible in civil actions] is permissible in criminal law, mainly for the fundamental reasons that an accused is presumed to be innocent, that the burden is upon the prosecution to prove beyond a reasonable doubt that the accused is guilty of the crime charged, and that every accused is entitled to a fair trial.” Majors v. State, 247 So.2d at 448.
Thus, Majors does not hold that the existence of both inculpatory and exculpatory testimony in the State’s case creates a reasonable doubt as a matter of law. Moreover, Majors is distinguishable from the present case. While in Majors there was no evidence of any joint action between Majors and Bellamy, in the present case there was credible evidence that the appellant and his brother acted in concert to commit an aggravated assault upon Baker.
“The principle is well established that, when several persons combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in furtherance or prosecution of the common design, and if several persons combine to do an unlawful act, and in prosecution of the common object a culpable homicide results, all are alike criminally responsible for the probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish. The immediate injury from which death ensues is considered as proceeding from all who are present and abetting the injury done, and the actual perpetrator is considered as the agent of his associates. His act is their act, as well as his own, and all are equally criminal.” Henry v. State, 81 Fla. 763, 89 So. 136, 138 (1921).
See also Foxworth v. State, 267 So.2d 647 (Fla. 1972); Carter v. State, 101 So.2d 911 (Fla. 1st DCA 1958).
Where the evidence is in conflict, it is within the province of the trier of fact to assess the credibility of witnesses, and upon evaluating the testimony, rely upon the testimony found by it to be worthy of belief and reject such testimony found by it to be untrue. Blackburn v. State, 314 So.2d *688 634 (Fla. 4th DCA 1975); Eizenman v. State, 132 So.2d 763 (Fla. 3d DCA 1961). In the present case the trial judge could well have accepted the testimony of the State’s witness that the appellant handed his brother the metal lock just before the brother struck the fatal bow.[2] The testimony of a single witness, even if uncorroborated and contradicted by other State witnesses, is sufficient to sustain a conviction. Singleton v. State, 315 So.2d 506 (Fla. 3d DCA 1975); Bruton v. State, 220 So.2d 669 (Fla. 3d DCA 1969).
Affirmed.

. Had the court in Majors held that the evidence was insufficient to prove Majors’ guilt beyond a reasonable doubt, Majors would have been entitled to the entry of a judgment of acquittal.

. While the instant appeal only concerns the appellant, the record before us reflects that his brother was adjudicated on the identical charge. It is true that either of two versions of the fight — that the appellant hit the victim with the lock or that appellant handed the lock to his brother — would support the appellant’s guilt of aggravated battery. See Sons v. State, 99 So.2d 888 (Fla. 2d DCA 1958) (in which the jury’s verdict could have been sustained by its belief that the defendant fired the shot, or its belief that the defendant hollered to the co-defendant to shoot). However, only the version that the appellant handed the lock to his brother would be consistent with the adjudication of the brother.