HERSEY, Chief Judge.
Appellant, Brumley, was convicted by a jury of second degree arson. Adjudication was withheld and appellant was sentenced to a term of probation. He raises six issues in his appeal from that conviction and sentence, only two of which merit comment.
One of appellant’s points on appeal is that the evidence at trial was insufficient to support the jury verdict. The rule is that a jury verdict will not be disturbed on this ground if the record contains substantial competent evidence of all facts essential to the verdict. See Miles v. State, 160 Fla. 523, 36 So.2d 182 (1948). Competent .evidence is matter probative of the fact to be proved; that is, relevant evidence that does not fit within any rule of exclusion. Evidence is substantial if a reasonable mind might accept it to support a conclusion. Id. 36 So.2d at 183. We conclude that the jury verdict is supported by substantial competent evidence.
The second point that warrants discussion is the trial court’s failure to conduct a Richardson inquiry (Richardson v. State, 246 So.2d 771 (Fla.1971)) before excluding defense evidence based upon a discovery violation. Photographs (taken before the fire) of the structure involved in the arson, offered in evidence by defense counsel, were excluded upon an objection based upon failure to disclose. The court made only preliminary inquiry and did not consider whether prejudice had occurred.
The excluded evidence was barely probative and was, at best, cumulative. The failure to make adequate inquiry, however, forestalls application of the harmless error statute, although we find that the error was harmless beyond any reasonable doubt. As we did in Carroll v. State, 414 So.2d 247 (Fla. 4th DCA 1982), rev. denied, 426 So.2d 28 (Fla.1983), we reverse and remand for a new trial.
Because we are granting a new trial, we do not address appellant’s first point on appeal except to suggest that we have not been persuaded that the special condition of probation is valid.
As we did in Hall v. State, 477 So.2d 572 (Fla. 4th DCA 1985), we certify the question (in slightly different wording) to the Supreme Court of Florida as one of great public importance:
IS A NEW TRIAL REQUIRED WHEN THE TRIAL COURT FAILS TO CONDUCT A RICHARDSON INQUIRY WHERE, IN THE OPINION OF THE REVIEWING COURT, EXCLUSION OF DEFENSE EVIDENCE BECAUSE OF A DISCOVERY VIOLATION IS HARMLESS ERROR BEYOND A REASONABLE DOUBT?
REVERSE and REMAND.
DELL and WALDEN, JJ., concur.