ERVIN, J.,
concurring.
I agree with the majority’s decision to reverse appellant’s conviction for second-degree murder. In my judgment, however, this court should set out the facts and reasons for reversal in greater detail than the majority’s opinion provides.
The basic facts surrounding the crime are not in dispute. Appellant, Olajide Eg-berongbe, and his brother, Taiwo Egber-ongbe, together own the Lagos Food Store, which has been robbed on several occasions. On May 19, 1995, the victim, Walter Lyle Hubbard, while inside the store, snatched money from Taiwo Egber-ongbe’s hands and ran from the store to his parked automobile, which he entered from the driver’s side. Appellant, Taiwo Egberongbe, and John Bryant, a customer in the store, chased Hubbard, who was beaten by one or more of the three men while he sat in the driver’s seat of his car. During this time his throat was slashed with a broken beer bottle, and he died shortly thereafter. It is disputed where each of the three men was standing during the homicide and who inflicted the fatal wound.
The essential issue on appeal is whether the trial court erred in denying appellant’s motion for judgment of acquittal, which was predicated on the argument that the state’s evidence failed to establish that appellant was the person who committed the murder. To convict appellant of second-degree murder, the state was required to establish that (1) the victim is dead, (2) the death was caused by the conduct of the defendant, and (3) the death was an unlawful killing accomplished by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life. See § 782.04(2), Fla. Stat. (1997); Fla. Std. Jury Instr. (Crim.) 98. We are asked to decide whether the state satisfied the second of the above three elements in that appellant contends the evidence fails to show whether the victim’s death was caused by the appellant’s conduct, rather than that of either of the two other men at the scene, John Bryant or Taiwo Egberongbe. Accordingly, he argues, the trial court should not have denied appellant’s motion for judgment of acquittal unless the evidence was such that the jury could lawfully take no view of it that was favorable to the state. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
In this regard, appellant contends that (1) the evidence against him was purely circumstantial and that it equally suggested that Taiwo Egberongbe or John Bryant killed Hubbard, (2) the only direct evidence involving conduct of guilt was that Taiwo Egberongbe killed Hubbard, and (3) the evidence was not competent and substantial to allow the jury to conclude be *110 yond a reasonable doubt that he was responsible for Hubbard’s death.
Appellant’s first argument involves the circumstantial evidence rule. As explained in Orme v. State, 677 So.2d 258, 261 (Fla.1996), proof based entirely on circumstantial evidence is sufficient to uphold a conviction in Florida provided certain other conditions are met. Those conditions have been stated as follows: The evidence must not only be consistent with the accused’s guilt, it must also be inconsistent with any reasonable hypothesis of innocence. Id. at 261 n. 1 (citing Head v. State, 62 So.2d 41 (Fla.1952); Mayo v. State, 71 So.2d 899 (Fla.1954)). Evidence that furnishes only a suspicion that the defendant committed the crime is not sufficient to sustain a conviction. “It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict.” Id. (quoting Davis v. State, 90 So.2d 629 (Fla.1956)).
Thus, the threshold question is whether this ease can be considered a solely circumstantial evidence case. In Davis v. State, 90 So.2d 629, 631 (Fla.1956), the court explained the difference between direct and circumstantial evidence as follows:
Direct evidence is that to which the witness testifies of his own knowledge as to the facts at issue. Circumstantial evidence is proof of certain facts and circumstances from which the trier of fact may infer that the ultimate facts in dispute existed or did not exist. The conclusion as to the ultimate facts must be one which in the common experiences of men may reasonably be made on the basis of the known facts and circumstances.
(Citation omitted.) Accord Orme, 677 So.2d at 261 (quoting Davis).
It is clear from my review of the evidence that this case involves both direct and circumstantial evidence. As to the former, there was direct evidence placing appellant at the scene of the crime. Witness Ford testified that three black men ran after a white man rushing from the store, with two of the men going to the driver’s side. The third man, who had a bottle in his hand, proceeded to the passenger’s side of the car and was identified by Ford as appellant. Appellant admitted to the police that although he had followed the victim to his car, he had stood alone on the driver’s side, while his brother and customer John Bryant were positioned on the passenger’s side. John Bryant also testified that he, appellant and Taiwo Eg-berongbe followed the white man out of the store to his car.
Nevertheless, there was no direct evidence that appellant killed Hubbard. Neither witness Ford nor Jones saw Hubbard stabbed; appellant denied having done it; and Bryant said that he himself saw Taiwo Egberongbe, not appellant, stab the victim. Under the circumstances, the only way the state could prove its case against appellant was through circumstantial evidence, which necessarily had to disprove appellant’s theory of innocence that Taiwo Eg-berongbe or John Bryant caused Hubbard’s death.
The state failed to satisfy that burden. In fact, the state actually introduced evidence which supported appellant’s theory of innocence in the form of John Bryant’s testimony that he saw Taiwo Egberongbe stab Hubbard. John Bryant was the state’s witness, yet he provided exculpatory testimony and was never declared to be adverse. As explained in D.J.G. v. State, 524 So.2d 1024, 1027 (Fla. 1st DCA 1987):
In situations where a state witness at trial gives testimony of his version of the event that coincides with the defendant’s version, and the state does not assert at any point that the witness is adverse, Florida courts have held that the state is bound by the testimony adduced, entitling defendant to a directed verdict of acquittal.
(Emphasis added.) See also Hodge v. State, 315 So.2d 507 (Fla. 1st DCA 1975); Weinstein v. State, 269 So.2d 70 (Fla. 1st DCA 1972); Majors v. State, 247 So.2d 446 (Fla. 1st DCA 1971).
*111 The theory behind the above rule is that it is the state’s burden to prove that the defendant is guilty beyond a reasonable doubt. When a state witness’s testimony presents evidence of the defendant’s innocence of the crime, it refutes any possible inference of guilt and/or creates a reasonable hypothesis of innocence. Thus, in D.J.G., which was a circumstantial evidence case involving the charge of conspiracy to commit battery, once the state’s witness testified that she and the defendant had stipulated before the commission of an alleged crime that there would be no physical violence when the defendant later met with the victim, her testimony created a reasonable hypothesis of innocence that she and the defendant did not conspire to commit battery. Moreover, because the state failed to have the witness declared adverse, the state was bound by its witness’s testimony under the rules of evidence. See § 90.608, Fla. Stat. (1993); D.J.G., 524 So.2d at 1027. Thus, the witness’s testimony caused the state’s case to be legally insufficient to prove the conspiracy charged. The court thereupon concluded that if it were to allow the conviction to stand, it would effectively approve an inference of guilt based on pure speculation. D.J.G., 524 So.2d at 1028. See also Hodge; Weinstein; Majors.
To conclude, the essential element of second-degree murder the state was required to prove, that the defendant caused the victim’s death, was in fact refuted by its own witness, establishing instead that another person committed the homicide. The state was bound by this testimony, which created a reasonable doubt as to appellant’s guilt. Therefore, the state’s circumstantial evidence did not refute appellant’s hypothesis of innocence that either Taiwo Egberongbe or John Bryant killed the victim. Accordingly, I agree that the lower court erred in denying the motion for judgment of acquittal.