932 So.2d 326 (2006)
Richard STROUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2977.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellant.
*327 Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
MAY, J.
We deny the defendant's motion for rehearing, but grant the request for a written opinion, withdraw our previously issued opinion, and substitute the following.
In this era of technology, we encounter novel legal issues to be resolved. The defendant appeals his conviction and sentence for possession of child pornography found on the hard drive of his laptop computer. He raises several issues, most of which are related either to the sufficiency of the evidence or law enforcement's handling of the case. We affirm, but write to address the sufficiency of the evidence.
The defendant lived with his girlfriend and her daughter at the time the facts giving rise to this crime occurred. The defendant had a laptop computer provided by his employer, and had an America Online [AOL] Internet account. The defendant and his girlfriend often used the computer together. The password was autosaved, allowing for access by either the defendant or his girlfriend, who had the defendant's permission to use the laptop.
On August 21, 2001, the defendant and his girlfriend used the computer together. When they were done for the evening, the girlfriend logged off of AOL and turned off the computer. After the defendant left the next morning, the girlfriend turned on the computer, accessed AOL, and prepared to send an e-mail with an attached photo.
While composing her e-mail, she noticed two new icons on the screen, located either in the AOL screen or in a photo program within the computer.[1] The first icon revealed child pornography.[2] After contacting a friend, the girlfriend viewed the second icon that also revealed child pornography. This second photograph is the subject of the defendant's conviction.
At this point, the girlfriend contacted another individual, who advised her how to save and e-mail the images. She then checked the "favorite places" section of the laptop and found eighty-eight pornography websites.
The girlfriend took the computer to the Indian River County Sheriff's Office (IRCSO), and spoke with a detective. She told him about what she had found and the steps she had taken since her discovery.
To assist in collecting evidence, the girlfriend consented to wear a body wire to record and transmit a conversation with the defendant. That evening, she recorded a conversation in which the defendant told her he had viewed child pornography on the computer in the past, and admitted to having saved some photographs, but denied having done anything recently. Subsequently, the IRCSO conducted its investigation, admittedly failing to comply with its own internal procedures for making a mirror image of the hard drive immediately to preserve the evidence.
The Information charged the defendant with seven counts of possession of child pornography, pursuant to section 827.071(5), Florida Statutes (2001). The *328 defendant moved to suppress evidence and dismiss the Information. The trial court denied the motion to suppress. It then, except for Count 3, dismissed all other counts because the images were either archaic temporary Internet files or composite images from website banners.
At trial, the girlfriend described the images she saw prior to turning the laptop computer over to the IRCSO. The defendant maintained he had never seen the Count 3 image before, did not know that it was on his computer, and denied having downloaded it. He admitted, however, to having seen child pornography on the Internet while viewing adult material.[3]
The court found the defendant guilty of one count of possession of child pornography and sentenced him to five years probation as a sexual offender. The court denied the defendant's motion for new trial.
The defendant argued to the trial court, and now to this court, that the State failed to produce sufficient evidence to make a prima facie case. He argues the evidence failed to prove he knowingly possessed child pornography in the form of a saved computer file, rather than a temporary Internet file. And, therefore, the trial court reversibly erred by not dismissing the case or ordering a judgment of acquittal. The State responds that it proved its case because the girlfriend's identification of a print-out of the file image as the same image she saw on defendant's computer is enough.
Review of a trial court's order on a defendant's motion for judgment of acquittal is de novo. Johnston v. State, 863 So.2d 271, 283 (Fla.2003) cert. denied, 541 U.S. 946, 124 S.Ct. 1676, 158 L.Ed.2d 372 (2004). There is sufficient evidence to support a conviction when "a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt" when viewed in the light most favorable to the State. Id.
In the instance "[w]here the evidence is in conflict, it is within the province of the trier of fact to assess the credibility of witnesses, and upon evaluating the testimony, rely upon the testimony found by it to be worthy of belief and reject such testimony found by it to be untrue." I.R. v. State, 385 So.2d 686, 687 (Fla. 3d DCA 1980) (citations omitted). "The testimony of a single witness, even if uncorroborated and contradicted by other State witnesses, is sufficient to sustain a conviction." Id. (citations omitted) (two State's witnesses testified defendant committed the crime while two said he did not).
Defendant was charged under section 827.071(5) of the Florida Statutes:
It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child. The possession of such photograph, motion picture, exhibition, show, representation, or presentation is a separate offense. Whoever violates this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 827.071(5), Fla. Stat. (2001) (emphasis added).
In State v. Cohen, this court held that "a pornographic computer image of an actual child constitutes a photograph, representation or other presentation" under section 827.071(5) of the Florida Statutes (1995). *329 696 So.2d 435, 436 (Fla. 4th DCA 1997) (Pariente, J.). In that case, not only did Cohen possess the images, but he disseminated them. At the time the computer was seized by law enforcement, it was connected to the internet and uploading the images to a bulletin board. Id. at 436-37. These facts made it unnecessary for this court to address the distinction between affirmatively saved files and temporary files.
Federal courts have analyzed the issue of temporary Internet files in the context of the federal child pornography statute. In United States v. Perez, the court held the mere viewing of a child pornographic image does not constitute knowing possession of the image under 18 U.S.C. § 2252A(a)(5)(B). 247 F.Supp.2d 459, 484 n. 12 (S.D.N.Y.2003) (citing United States v. Zimmerman, 277 F.3d 426, 435 (3d Cir. 2002)). However, the court acknowledged that "knowing possession" should be based upon the manner in which the defendant manages the files. Id., (citing United States v. Tucker, 305 F.3d 1193, 1205 (10th Cir.2002) (upholding a conviction based on automatically stored files because the defendant habitually deleted the temporary files manually, demonstrating that he exercised control over them), cert. denied, 537 U.S. 1223, 123 S.Ct. 1335, 154 L.Ed.2d 1082 (2003)).
Here, the State proved the defendant had the opportunity to download the photo, and through the body wire evidence, proved that he had previously been interested in child pornography. The defendant's girlfriend testified that she saw the two new icons on the screen in either the AOL screen or in a photo program, establishing that the Count 3 image was not merely an automatically stored temporary Internet file. She identified a printed version of the file image at trial. The court properly dismissed six of the seven counts because the evidence was insufficient. However, the court properly denied the defendant's motion for judgment of acquittal as to count 3.
Affirmed.
KLEIN, J., and HOROWITZ, ALFRED, Associate Judge, concur.
NOTES
[1] The girlfriend's testimony varied from deposition to trial. However, at trial, she testified "I ... went up to the little icon or whatever to pull down pictures and there were two J-peg pictures sitting there."
[2] This file corresponded to Count 1, which the court dismissed because it was an archaic temporary Internet file.
[3] To date, the passive viewing on the Internet of child pornography does not violate the law because viewing does not constitute possession.