THOMAS, J.
 

 Appellant was charged with 33 counts of possessing child pornography, and a jury found him guilty on six of the charged counts. On appeal, Appellant argues the trial court erred by denying his motion for judgment of acquittal on the six counts for which he was found guilty. We affirm the trial court’s ruling for the reasons discussed herein.
 

 Facts
 

 Evidence produced at trial established that Appellant is an offshore boat captain. He spent significant time away from home, but was home for weeks at a time in the fall of 2007. Appellant testified he downloaded pornography from the internet using a peer-to-peer program, and he recorded the pornography onto compact discs to take with him on the boats.
 

 A Bay County investigator testified he used the same peer-to-peer computer program to track media files known to contain child pornography images and videos. On October 31, 2007, the investigator discovered a computer in the Bay County area was downloading two child pornography media files. He queried the internet protocol address and discovered it had been involved in downloading child pornography on September 6, 10, 13, and 20, 2007. An internet service provider linked the internet protocol address to Appellant’s physical address. A search warrant was obtained, and Appellant’s computer was seized. When the investigator arrived to serve the warrant, he noticed Appellant’s computer was running the peer-to-peer program and was actively downloading what he suspected was child pornography. An FDLE computer analyst confirmed that child pornography was downloaded to the computer October 31, November 7, and November 8, 2007.
 

 Appellant’s wife and son testified for the State. Appellant’s son denied downloading child pornography and testified he was at school when the files were downloaded. Appellant’s wife corroborated Appellant’s testimony that she assisted him in downloading adult pornography to take on offshore work trips, but she denied ever attempting to download child pornography. Appellant testified in his own defense and denied ever downloading child pornography, but admitted he was at home on the days the media files were downloaded.
 

 Appellant moved for judgment of acquittal after the State presented its case, at the close of evidence, and in a post-trial motion. In all three motions, Appellant
 
 *1061
 
 argued the State failed to establish he possessed the child pornography. The court denied Appellant’s motions, finding sufficient evidence was presented for the jury to determine guilt.
 

 Analysis
 

 On appeal, Appellant argues he and his family had joint possession of the premises where the contraband was found; thus, knowledge or ability to maintain dominion or control cannot be inferred from mere ownership of the residence or proximity to the computer. Appellant further argues the evidence concerning possession was entirely circumstantial; thus, the State was required to rebut every reasonable hypothesis of innocence.
 

 We review the court’s decision to deny the motion for judgment of acquittal de novo.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002);
 
 Watkins v. State,
 
 826 So.2d 471 (Fla. 1st DCA 2002). A judgment of conviction comes to an appellate court clothed “with the presumption of correctness and a defendant’s claim of insufficiency of the evidence cannot prevail where there is substantial competent evidence to support the verdict and judgment.”
 
 Terry v. State,
 
 668 So.2d 954, 964 (Fla.1996). Our review is limited to whether the evidence the State presented in their case-in-chief was legally sufficient.
 
 Robinson v. State,
 
 936 So.2d 1164, 1166 (Fla. 1st DCA 2006). An appellate court may not reweigh the evidence or assess the credibility of a witness.
 
 See Tibbs v. State,
 
 397 So.2d 1120, 1125 (Fla.1981). “The testimony of a single witness, even if uncorroborated and contradicted by other State witnesses, is sufficient to sustain a conviction.”
 
 I.R. v. State,
 
 385 So.2d 686, 688 (Fla. 3d DCA 1980).
 

 Generally, a trial court should not grant a motion for judgment of acquittal unless, when viewed in a light most favorable to the State, the evidence does not establish a prima facie case of guilt.
 
 Dupree v. State,
 
 705 So.2d 90, 93 (Fla. 4th DCA 1998) (en banc). When moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.
 
 Lynch v. State,
 
 293 So.2d 44, 45 (Fla.1974). The trial court has the task of reviewing the evidence to determine whether competent, substantial evidence exists from which the jury could infer guilt to the exclusion of all other inferences.
 
 State v. Law,
 
 559 So.2d 187, 189 (Fla.1989).
 

 “Competent evidence is matter probative of the fact to be proved; that is, relevant evidence that does not fit within any rule of exclusion. Evidence is substantial if a reasonable mind might accept it to support a conclusion.”
 
 Brumley v. State,
 
 500 So.2d 233, 234 (Fla. 4th DCA 1986). Hence, a judgment of acquittal should not be granted where the State has produced competent, substantial evidence to support every element of the crime.
 
 Gay v. State,
 
 607 So.2d 454, 457 (Fla. 1st DCA 1992).
 

 Appellant was charged with violating section 827.071, Florida Statutes (2007), which makes it a crime to knowingly possess a picture, movie, or other presentation which the person knows to include sexual conduct by a child. We agree with the trial court that the State presented sufficient circumstantial evidence to establish Appellant had constructive possession over the illicit computer images.
 
 [1]
 

 
 *1062
 
 Constructive possession is a frequent issue in drug possession appeals; thus, we find those opinions discussing and defining constructive possession of drugs to be instructive.
 
 See, e.g., Evans v. State,
 
 32 So.3d 188, 189 (Fla. 1st DCA 2010) (discussing constructive possession of drugs and drug paraphernalia in a home where several people had access to place where contraband was found). “Constructive possession exists where the accused does not have physical possession of the contraband but knows of its presence ... and can maintain dominion and control over it.”
 
 Id.
 
 Where contraband is found on premises in joint possession, knowledge of the contraband can be established with actual knowledge or circumstantial evidence from which the jury could infer guilt.
 
 See id.
 
 at 190;
 
 Ogle v. State,
 
 820 So.2d 1054, 1056 (Fla. 4th DCA 2002).
 

 Here, the State put forth circumstantial evidence from which the jury could infer that Appellant was the person who downloaded the child pornography onto the family computer. Appellant’s wife and son both testified they did not download the pornography. When the evidence is in conflict, “it is within the province of the trier of fact to assess the credibility of witnesses, and upon evaluating the testimony, rely upon the testimony found by it to be worthy of belief and reject such testimony found by it to be untrue.”
 
 I.R.,
 
 385 So.2d at 687. Further, Appellant worked offshore and admitted he was not working on the days the pornography was downloaded. Additionally, the Bay County investigator testified no illegal material was downloaded when Appellant was away working. Therefore, the evidence was sufficient for the jury to determine whether Appellant downloaded the illegal material. We reiterate that the State’s burden is to introduce evidence as to each element of the offense upon which a factfinder could find guilt beyond a reasonable doubt.
 

 Appellant also argues the State’s evidence was entirely circumstantial; thus, the State was required to rebut every reasonable hypothesis of innocence.
 
 See Evans,
 
 32 So.3d at 189
 
 (quoting Beasley v. State,
 
 774 So.2d 649, 657 (Fla.2000)). We reject this argument for two reasons.
 

 First, the evidence in this case was not entirely circumstantial. Appellant stipulated the files contained child pornography, and both parties’ experts testified it was very unlikely someone could have searched for and downloaded the files in question without intending to download child pornography. The only element established through circumstantial evidence was possession. Second, “the State is not required to rebut conclusively every possible variation of events that could be inferred from the evidence, but only to introduce competent evidence that is inconsistent with the defendant’s theory of events.”
 
 Robinson v. State,
 
 936 So.2d 1164, 1166 (Fla. 1st DCA 2006) (citing
 
 Law,
 
 559 So.2d at 189). Once the State introduces such evidence, “it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.”
 
 Law,
 
 559 So.2d at 189. As discussed above, sufficient circumstantial evidence regarding possession was properly presented to the jury.
 

 AFFIRMED.
 

 PADOVANO and LEWIS, JJ„ concur.
 

 [1]
 

 . Whether constructive possession of child pornography satisfies the “knowingly possess” standard contained in section 827.071(5) has not been directly addressed in Florida jurisprudence; however, other jurisdictions have held such possession to be sufficient, even where the defendant does not actively download illegal material.
 
 See generally Ward v. State,
 
 994 So.2d 293, 294 (Ala.
 
 *1062
 
 2007) (discussing federal and state opinions concerning possession of child pornography). We decline to address it here because Appellant did not raise this issue below or on appeal.