On Motion for Rehearing
POLEN, J.
We deny defendant’s motion for rehearing, but grant his motion to issue a written opinion. The defendant, Jesse Thomas, appealed his convictions and sentences for the following crimes: racketeering; conspiracy to commit racketeering; two counts of possession of marijuana with intent to sell; possession of paraphernalia; possession of forged notes, bills, checks or drafts; and resisting without violence. He has argued that the trial court erred in: (1) denying his motion to dismiss when the court found that the Office of the Statewide Prosecutor (OSP) had jurisdiction to prosecute the case; (2) denying his motion for judgment of acquittal; and (3) using a non-specific verdict form. We have considered all of the issues raised and are not persuaded by the arguments. Each will be addressed in turn.
First, the OSP properly had jurisdiction because the offenses the defendant was tried for were sufficiently alleged to be part of a related transaction and connected to an organized criminal conspiracy involving predicate acts committed by the defendant and his codefendants and affected two or more judicial circuits. Thus, the OSP had jurisdiction over him despite the fact that his predicate acts had physically taken place in Palm Beach County. See Carbajal v. State, 75 So.3d 258, 261-62 (Fla.2011); § 16.56(1)(a), Fla. Stat. (2008).
Second, the record contains sufficient evidence to prove that: (1) Top 6 was an enterprise; (2) the defendant was asso- *876 dated with that enterprise; (3) he committed the predicate acts; and (4) the predicate acts were connected to the enterprise. See Vargas v. State, 34 So.3d 44, 47-48 (Fla. 4th DCA 2010); see also § 895.03, Fla. Stat. (2008). More than one witness testified that Top 6 had a common purpose of selling drugs and committing acts of violence on an ongoing basis. Likewise, despite the defendant’s argument that two of the State’s witnesses testified that he was not an actual member, the State presented sufficient evidence that he was. See Strouse v. State, 932 So.2d 326, 328 (Fla. 4th DCA 2006) (a single witness’s testimony, even if uncorroborated and contradicted by other State witnesses, is sufficient to sustain a conviction) (citation omitted). Thus, the trial court properly denied the defendant’s motion for judgment of acquittal and submitted the case to the jury.
Finally, we conclude that there was no fundamental error in the trial court’s use of the verdict form as the defendant claims. He was charged with one count of racketeering and one count of conspiracy to commit the same, and the State presented evidence supporting only those counts. He was also tried for four additional crimes, each of which was listed as a predicate incident. He was ultimately convicted of each of those crimes. Therefore, it is clear from those verdict forms that the jury unanimously agreed that defendant had committed at least four of the predicate offenses — offenses which all stemmed from the raid on his home in execution of the arrest and search warrants.

Rehearing Denied.

GROSS, J., and SHAHOOD, GEORGE A., Senior Judge, concur.