# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-224
Lower Tribunal No. 14-22076B
_____


**Andras Janos Vass,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Adam Goodman; Aubrey Webb, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.


Before EMAS, FERNANDEZ and LOGUE, JJ.

EMAS, J.

We affirm Andras Janos Vass's convictions and sentences for racketeering, conspiracy to commit racketeering, three counts of human trafficking, and one count of deriving support from the proceeds of prostitution. Upon our de novo review, Tibbs v. State, 397 So. 2d 1120 (Fla. 1981), we hold that there was competent substantial evidence to support the jury's verdicts, and reject Vass's argument to the contrary.

We also reject Vass's contention that trial counsel rendered constitutionally ineffective assistance of counsel in failing to renew, at the close of all the evidence, his previous motion for judgment of acquittal. See Morris v. State, 721 So. 2d 725 (Fla. 1998) (holding it is unnecessary for a defendant, at the close of all the evidence, to renew a previous motion for judgment of acquittal to preserve the issue for appellate review); Amend. to Fla. R. Crim. P. 3.380(b), 745 So. 2d 319 (Fla. 1998) (amending rule 3.380(b) to reflect the holding in Morris). We decline to reach the merits of Vass's other assertions of ineffective assistance of counsel; such claims are generally not cognizable on direct appeal, except in the rare circumstance (not present here) where the claimed ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue in the first instance. Blanco v. Wainwright, 507 So. 2d 1377, 1384 (Fla. 1987).

Finally, we reject Vass's claim that the verdict form (submitted to the jury without defense objection) was fundamentally defective because it failed to include interrogatories for the jury to make findings regarding which incidents of racketeering conduct were proven to establish the requisite pattern of racketeering activity in support of the two racketeering offenses. See § 895.02(7), Fla. Stat. (2014) (a "pattern of racketeering activity" means "engaging in at least two incidents of racketeering conduct . . . .") We agree with the analysis of our sister court in Thomas v. State, 125 So. 3d 874 (Fla. 4th DCA 2013), the relevant facts of which are indistinguishable from the instant case. In Thomas, the defendant was charged with racketeering and racketeering conspiracy, as well as four other crimes, each of which was alleged in the information to constitute a predicate act for the racketeering charges. The racketeering verdict forms failed to include interrogatories for the jury to make findings as to which predicate acts were proven to establish a pattern of racketeering activity. The defendant was convicted on all counts as charged. On appeal, the defendant argued that the verdict form was defective and constituted fundamental error. The Fourth District disagreed, holding:

> We conclude that there was no fundamental error in the trial court's use of the verdict form as the defendant claims. He was charged with one count of racketeering and one count of conspiracy to commit the same, and the State presented evidence supporting only those counts. He was also tried for four additional crimes, each of which was listed as a predicate incident. He was ultimately convicted of each of those

3

crimes. Therefore, it is clear from those verdict forms that the jury unanimously agreed that defendant had committed at least four of the predicate offenses . . . .

Id. at 876.

In the instant case, as in Thomas, Vass was convicted of racketeering and racketeering conspiracy, as well as four other felonies, each of which was alleged in the information to constitute a separate incident of racketeering conduct underlying the racketeering charges.[1]   By its verdict, the jury necessarily determined that Vass engaged in at least four incidents of racketeering conduct. No fundamental error was committed.  We find no merit in the remaining issues raised by Vass in this appeal.

Affirmed.

---

[1] The information alleged fifty-four separate incidents of racketeering conduct allegedly occurring on various dates between April 1, 2012 and October 25, 2013.

4